IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| VERISIGN, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>XYZ.COM, LLC, et al.<br><br>        Defendants. | Civil Action No. 1:14-cv-01749-CMH-MSN |

## AGREED PROPOSED PROTECTIVE ORDER

This Protective Order ("Order") is presented to the Court for entry by Defendants XYZ.com, LLC and Daniel Negari, and Plaintiff Verisign, Inc., through their counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Civil Rule 5.

WHEREAS, during the course of this action, the parties may obtain discovery of information which is, or which one or more of the parties considers to be, confidential information, it is HEREBY ORDERED that:

1. **Definition of "Confidential Information."** "Confidential Information" means trade secrets and commercial information, the present disclosure of which to any person not authorized by this Order, in the good faith judgment of the designating party, would reveal competitively sensitive information that should be maintained as confidential. Confidential Information includes, without limitation, trade secret and confidential information relating to sales, costs, pricing, profits, research, software, business plans, company financial information, confidential employment information, employment policies, customer identities, or internal procedures that is entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil

Procedure. The omission of any type of information from the preceding sentence does not imply that such information cannot qualify as Confidential Information, so long as the designating party in good faith believes that it is confidential. In designating information as Confidential Information, the designating party will make such a designation only as to that material that it in good faith believes contains Confidential Information. Confidential Information also includes information contained within any document, testimony, or other discovery material designated by another party in accordance with this Order as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" and all copies thereof.

2. **Definition of "Attorney's Eyes Only" Material.** Confidential Information qualifies for designation as "Attorney's Eyes Only" if it contains: (a) sensitive information relating to research, development, or production of products or services; (b) highly sensitive competitive, business, or research information; (c) highly sensitive financial information or marketing plans and forecasts, customer lists, pricing data, cost data, customer orders, or customer quotations; (d) pending or abandoned patent, trademark, and copyright applications, foreign or domestic, unless published or otherwise publicly available; or (e) such other documents, information, or material which contains confidential information that the producing party reasonably believes is of such nature and character that the unauthorized disclosure of such information is likely to irreparably injure the producing party. For example, "Attorney's Eyes Only" information may include, without limitation, documents submitted to regulatory agencies, financial and accounting information that is not publicly available, business and marketing plans or analyses, licenses, surveys, customer communications, meeting minutes, employment records, training materials, information obtained from a third party under a nondisclosure agreement, and similar information provided that the materials qualify under the standard in this Paragraph 2.

3. **Designations of Confidential Information.** Any party producing any document, thing, information, testimony, or other discovery material containing "Confidential Information," may designate Confidential Information as "CONFIDENTIAL" or, if the Confidential Information qualifies under the standard in Paragraph 2, as "ATTORNEY'S EYES ONLY".

4. **Labeling of Confidential Information.** Designations for purposes of this Order shall be made in the following manner:

   a. With regard to written material (including documents and transcripts of depositions or other testimony) and electronic images (such as TIFFs or PDFs), each page should be marked consistent with the designation described in Paragraphs 1–3 that is appropriate for that document; and

   b. With regard to non-written material, such as electronically stored information, recordings, magnetic media, photographs, and things, the designation consistent with Paragraphs 1–3 should be affixed to the material or its enclosing media or container in any reasonable manner.

   c. In the event a producing party elects to permit inspection of original documents or other material, no markings need to be made by the producing party in advance of the inspection. During the inspection, all such documents or other material shall be considered as marked "ATTORNEY'S EYES ONLY." After selection by the inspecting party of specified documents or material for copying, the producing party shall make the appropriate copies, and the appropriate designations shall be placed on the specified documents or material prior to providing the copies to the inspecting party.

d.  Testimony given at a deposition or hearing and the resulting transcript will be treated as "ATTORNEY'S EYES ONLY," and all parties shall maintain the deposition or hearing transcript and information contained therein as "ATTORNEY'S EYES ONLY" until ten (10) days after receipt of a copy of the transcript. Any party desiring to maintain confidentiality more than ten (10) days after receipt of a copy of the transcript must designate in writing before the ten (10) days expires those portions of the transcript regarded as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."

5.  **Persons qualified to receive "CONFIDENTIAL" material.** Until and unless either the Court rules otherwise or the designating party agrees to withdraw or modify a "CONFIDENTIAL" designation, material designated as "CONFIDENTIAL" shall be maintained in confidence by the party to whom such material is produced and shall not be disclosed to any person except:

   a.  Outside Counsel for the respective parties, including their clerical, litigation support, and paralegal employees. As used herein, "Outside Counsel" means attorneys for the respective firms who have appearances entered in this action for their clients.

   b.  Any party to this action, such party's partners, members, officers, directors, in-house counsel (including their clerical, litigation support and paralegal personnel), and other employees who are assisting the party's Outside Counsel with this action.

   c.  Experts retained by a party (or its Outside Counsel) for the purpose of providing testimony who: (1) are not currently employed by the party or a

competitor (or by the party's or competitor's parent, subsidiary, or corporate affiliate); (2) have not been employed by the party or competitor (or by the party's or competitor's parent, subsidiary, or corporate affiliate) within the previous three years; and (3) at the time of their engagement, are not anticipated to become an employee of the party or competitor (or by the party's or competitor's parent, subsidiary, or corporate affiliate); provided, however, that any such testifying expert has signed a Declaration in the form of Exhibit A, with a copy of the signed Declaration provided to all counsel of record.

d. Non-testifying experts and consultants retained by a party (or its Outside Counsel) who: (1) are not currently employed by the party or a competitor (or by the party's or competitor's parent, subsidiary, or corporate affiliate); (2) have not been employed by the party or competitor (or by the party's or competitor's parent, subsidiary, or corporate affiliate) within the previous three years; and (3) at the time of their engagement, are not anticipated to become an employee of the party or competitor (or by the party's or competitor's parent, subsidiary, or corporate affiliate); provided, however, that any such non-testifying expert or consultant has signed a Declaration in the form of Exhibit A, with a copy of the signed Declaration retained by counsel of record for the party being assisted through the final disposition of this action, including appeals.

e. The Court and authorized staff.

    f. Court reporters, videographers, video-deposition synchronization services, interpreters, translators, copy services, exhibit preparation services, and database and/or coding services retained on behalf of any party.

    g. Any author or original recipient of the Confidential Information.

    h. Witnesses at their deposition, subject to Paragraph 7.

    i. Any other person that the designating party has agreed to in advance in writing.

6. **Persons qualified to receive "Attorney's Eyes Only" material.** Until and unless either the Court rules otherwise or the producing party agrees to withdraw or modify an "ATTORNEY'S EYES ONLY" designation, material designated as "ATTORNEY'S EYES ONLY" shall be maintained in confidence by the party to whom such material is produced and shall not be disclosed to any person except:

    a. Outside Counsel for the respective parties, including their clerical, litigation support, and paralegal employees.

    b. In-house counsel for the respective parties, provided that such in-house counsel are limited as follows: (1) for Plaintiff Verisign, Inc., Thomas Indelicarto and James Hubler; and (2) for Defendants XYZ.com LLC and Daniel Negari, Grant Carpenter.

    c. Experts retained by a party (or its Outside Counsel) for the purpose of providing testimony who: (1) are not currently employed by the party or a competitor (or by the party's or competitor's parent, subsidiary, or corporate affiliate); (2) have not been employed by the party or competitor (or by the party's or competitor's parent, subsidiary, or corporate affiliate) within the

previous three years; and (3) at the time of their engagement, are not anticipated to become an employee of the party or competitor (or by the party's or competitor's parent, subsidiary, or corporate affiliate); provided, however, that any such testifying expert has signed a Declaration in the form of Exhibit A, with a copy of the signed Declaration provided to all counsel of record.

d. The Court and authorized staff.

e. Court reporters, videographers, video-deposition synchronization services, interpreters, translators, copy services, exhibit preparation services, and database and/or coding services retained on behalf of any party.

f. Any author or original recipient of the Confidential Information.

g. Witnesses at their deposition, subject to Paragraph 7.

h. Any other person that the designating party has agreed to in advance in writing.

7. **Depositions.**

a. Material designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" may be disclosed to a witness at a deposition only if: (i) the witness is testifying as the designating party's Rule 30(b)(6) corporate representative; (ii) the witness is currently an officer or employee of the designating party; (iii) the witness was an author or original recipient of a document containing the Confidential Information or a custodian or other person who otherwise possessed or knew the Confidential Information; (iv) the witness is a testifying expert disclosed by the designating party; or (v) disclosure to the

witness is reasonably necessary, subject to the designating party's consent, which shall not be unreasonably withheld.

b. If a deposition concerns Confidential Information, the designating party shall have the right to exclude from the portion of the deposition concerning such information any person not authorized under Paragraphs 5 and 6, above, to have access to such material.

8. **Notice and Acknowledgment of Order.** Every person authorized under Paragraphs 5 and 6, above, to whom Confidential Information is to be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part, first shall be advised that the material or information is being disclosed pursuant and subject to the terms of this Order.

9. **Inadvertent Failure to Designate Confidential Information.** The inadvertent failure of a party to designate document, testimony, or other discovery material as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall not constitute, or have the effect of, a waiver of any later claim that such material or any similar material should be treated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY." Good faith disclosure of such material by a receiving party before such later designation, however, shall not be deemed a violation of the provisions of this Order. Upon receiving written notice of a failure to designate, a receiving party shall reasonably cooperate to restore the confidentiality of the inadvertently or unintentionally disclosed material. The designating party shall provide substitute copies bearing the corrected designation. The receiving party shall make reasonable efforts to retrieve and replace the inadvertently or unintentionally disclosed material with the provided substitute copies

and shall return or certify the destruction of the undesignated material in the receiving party's possession.

    10. **Challenged Designations.** If a receiving party concludes that any document, testimony, or other discovery material designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" by another party does not qualify for that level of designation, the non-designating party shall first request in writing (e.g., by letter, email, or facsimile) that the designating party withdraw or modify the current designation within five (5) court days. Such request shall identify the designated material that the receiving party contents has been inappropriately designated and the reasons for its contention. If the designating party does not agree to withdraw or modify the challenged designation within two (2) court days, the challenging party and the designating party shall meet and confer in good faith to resolve the issue without the need for Court intervention. If a disagreement remains and the designating party does not agree to withdraw or modify the challenged designation within two (2) court days after the parties have met and conferred, the party challenging the designation may request by motion that the Court strike or modify the challenged designation, as appropriate. The party asserting confidentiality shall bear the burden of establishing entitlement to such protection. The producing party's good faith belief that a document or information is entitled to such a designation, standing alone, is insufficient to warrant protection. Any document or information designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall continue to be treated as such until either of the following occur: (1) the designating party agrees to withdraw or modify the designation; or (2) the Court has ruled that the document or information is not entitled to the designation "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY." Notwithstanding the foregoing, should a dispute concerning the propriety of a designation arise

during the course of a deposition, the prior-written-notice requirement shall not apply, and Court intervention may be sought immediately.

11. **Unauthorized Disclosure.** In the event of disclosure of any Confidential Information to a person not authorized to have access to such material, the party responsible for having made, and any party with knowledge of such disclosure shall promptly inform Outside Counsel for the designating party whose Confidential Information has thus been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The responsible party shall also promptly take all reasonable measures to ensure that no further unauthorized disclosure or use of such information or materials is made. Each party shall cooperate in good faith in that effort.

12. **Other Proceedings.** If Confidential Information in the possession, custody, or control of any receiving party is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, including any form of discovery request or compulsory process of any court, administrative or legislative body, or any other person or tribunal purporting to have the right to seek such information by compulsory process or discovery request, including private parties, the receiving party to whom the process or discovery request is directed shall: (a) within five (5) court days after receipt thereof, give written notice by hand delivery, facsimile, or email of such process or discovery request together with a copy thereof, to counsel for the designating party so that the designating party may have an opportunity to appear and be heard on whether the requested information should be disclosed; (b) cooperate with respect to all reasonable procedures sought to be pursued by the designating party with respect to such process or discovery request; and (c) only make production or disclosure of such Confidential Information if the designating party consents in

writing to production or if the designating party fails to move for a protective order or similar relief within the time allowed by the court, administrative body, or tribunal with jurisdiction over the process or request.

13. **Third Parties.** Any third party from whom discovery is sought in this action may, in accordance with this Order, designate some or all of its production as Confidential Information, and each receiving party will have the same rights, obligations, and restrictions with respect to the third party's designations of Confidential Information as that receiving party has with respect to the Confidential Information of any other Producing Party.

14. **Filing Confidential Information.** No Confidential Information or excerpts thereof shall be filed in the public record of this action by a receiving party, unless any of the following occur: (1) the designating party has withdrawn the designation in writing; or (2) the Court has ruled that the document or information is not entitled to the challenged designation. **Otherwise, any document or thing containing or embodying Confidential Information or material that is to be filed in this proceeding shall be filed under seal in accordance with Local Civil Rule 5.** The parties agrees to act in good faith and cooperate with one another to expedite compliance with the Local Civil Rules for filing Confidential Information and excerpts thereof.

15. **Non-Waiver.** Agreement to this Order is without prejudice to the right of any party to seek an Order from this Court imposing further restrictions on the dissemination or handling of Confidential Information, or to seek to rescind, modify, alter, or amend this Order with respect to particular Confidential Information. Nothing in this Order shall abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Confidential Information.

Nothing in this Order shall be construed as a waiver of any objections that a party may have with regard to any designation, except as expressly provided herein. A receiving party's acceptance of designated material shall not constitute an admission or concession or permit an inference that the material has been properly designated.

16. **Trial.** The parties shall confer in good faith about appropriate procedures to protect Confidential Information at trial. If the parties cannot agree, the parties will seek approval from the Court before using Confidential Information at trial.

17. **Restrictions Not Imposed.** The restrictions set forth in this Order shall not apply to:

   a. A party's disclosure or use of its own Confidential Information for any purpose.

   b. Information or material that: (1) is already public knowledge; (2) has become public knowledge in a manner other than by violation of this Order; (3) was, is, or becomes in the receiving party's possession independently of its production by the designating party in a manner other than by violation of this Order; (4) is acquired by the receiving party from a third party having the right to disclose such information or material; or (5) was lawfully possessed by a non-designating party prior to the entry by the Court of this Order.

18. **Jurisdiction.** The recipient of any Confidential Information hereby agrees to subject him/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order.

19. **Conclusion of Action.**

a. This Order shall remain in full force and effect after the conclusion of this litigation, until canceled or otherwise modified by order of this Court.

b. Within forty five (45) days after the conclusion of this action, including any appeals or petitions for review, all Confidential Information and any copies thereof shall be: (1) returned to counsel for the designating party at the designating party's expense; or (2) at the option of the receiving party, destroyed, in which case counsel for the receiving party shall certify such destruction in writing to the designating party. Outside Counsel may retain copies of all filed pleadings, papers, and deposition transcripts and exhibits for archival purposes.

20. **Information Used Exclusively for this Action.** The information shared pursuant to this Order shall be used only in the prosecution or defense of this action.

21. **Parties' Agreement to Be Bound.** The parties agree to be bound by the terms and conditions of this Order as of the date in which this Order is filed with the Court. This Order shall remain binding on the parties while pending the Court's approval and endorsement.

IT IS SO ORDERED.

___/s/___ /s/
Michael S. Nachmanoff
United States Magistrate Judge

_5/18/15_
Date

_____
Magistrate Judge Michael S. Nachmanoff

WE ASK FOR THIS:

| VENABLE LLP | TIMOTHY J. BATTLE LAW OFFICES |
|---|---|
| By: _____ | By: _____ |
| Randall K. Miller (VSB No. 70672)<br>Nicholas M. DePalma (VSB No. 72886)<br>Kevin W. Weigand (VSB No. 81073)<br>8010 Towers Crescent Drive, Suite 300<br>Tysons Corner, VA 22182<br>(703) 905-1449 (Telephone)<br>(703) 821-8949 (Facsimile)<br>rkmiller@venable.com<br>nmdepalma@venable.com<br>kwweigand@venable.com<br><br>*Counsel to Plaintiff VeriSign, Inc.* | Timothy J. Battle (VSB No. 18538)<br>Timothy J. Battle Law Offices<br>524 King Street<br>Alexandria, VA 22320-4593<br>Telephone: (703) 836-1216<br>Facsimile: (703) 549-3335<br>tbattle@verizon.net<br><br>Derek A. Newman (admitted *pro hac vice*)<br>Derek Linke (admitted *pro hac vice*)<br>Newman Du Wors LLP<br>100 Wilshire Boulevard, Suite 940<br>Santa Monica, CA 90401<br>Telephone: (310) 359-8200<br>Facsimile: (310) 359-8190<br>dn@newmanlaw.com<br>linke@newmanlaw.com<br><br>*Counsel to Defendants XYZ.COM, LLC and Daniel Negari* |

14

# EXHIBIT A

## DECLARATION

I, _____, declare that:

1. I have read the Protective Order agreed to by the parties and ordered by the United States District Court for the Eastern District of Virginia in the action *Verisign, Inc. v. XYZ.com, LLC*, Civil Action No. 1:14-cv-01749-CMH-MSN.

2. I understand the Protective Order and agree to be bound by its terms.

3. I will hold in confidence all Confidential Information provided to me.

4. I understand that the Confidential Information and my copies or notes relating thereto may only be disclosed to or discussed with those persons permitted by the Protective Order to receive such information.

5. I will return all Confidential Information in my possession, copies thereof, and notes that I have prepared relating thereto, to counsel for the party by whom or on whose behalf I am retained upon the request of such counsel.

6. I understand that a violation of the terms of the Protective Order may be punishable by appropriate sanctions and may be treated as if contempt by an order of the Court.

7. I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Virginia for the purpose of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: _____        _____