**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| Verisign, Inc., <br><br>        Plaintiff, <br><br> v. <br><br> XYZ.com, LLC and Daniel Negari, <br><br>        Defendants. | Case No. 1:14-cv-01749 CMH-MSN |

**DECLARATION OF DANIEL NEGARI IN SUPPORT OF DEFENDANTS'
OPPOSITION TO PLAINTIFF'S MOTION FOR REDEPOSITION OF DANIEL
NEGARI**

I, Daniel Negari, hereby declare:

1.   I am a defendant in this matter, over the age of 18, and competent to testify in this action and offer the following declaration on the basis of personal knowledge.

2.   I am the CEO of Defendant XYZ.com LLC ("XYZ") and I am also a named defendant (in my personal capacity) in this lawsuit.

3.   On June 15, 2015 Verisign deposed me in my personal capacity.

4.   At my deposition, I was nervous about being deposed by a hostile party and wary of being tricked by opposing counsel. Still, I answered every question posed to me truthfully and to the best of my ability.

5.   I run several other companies and have many business interests besides XYZ.

6.   As a result, I am connected to or involved in hundreds of transactions, thousands of business conversations, and tens of thousands of email chains each year. The vast majority of these are unrelated to either XYZ or the current litigation.

1

7.  Because of this, there were several points in the deposition where I was unclear and unsure about what information Verisign's counsel was seeking with his questions.

8.  For example, I employ a few dozen people across my several companies and since several of them do work for multiple companies it is difficult to keep track of who is an employee of XYZ, as opposed to another company. And since I was not asked to prepare to testify about this (or any other) specific topic, I simply did not recall off the top of my head what each person's XYZ-specific roles are.

9.  When I was confused by a question I would ask counsel to clarify, but he seemed to become increasingly frustrated and annoyed with me, which only increased my nervousness.

10. Also, when I was handed documents I tried to review them in order to make sure I provided full and accurate testimony about their contents. This also seemed to annoy Verisign's counsel who pulled out a stop watch and timed me. I am, and always have been a slow reader, which I informed counsel of. Verisign's counsel's actions made me feel rushed, self-conscious and only increased my nervousness and wariness of his questions.

11. It would pose a substantial hardship on me and my businesses if I were forced to spend multiple days traveling to Virginia for a second day of personal deposition.

12. I reviewed Verisign's motion. Verisign accuses me of not answering truthfully. I answered every question truthfully. Without having the opportunity to prepare on certain topics, I would answer every question the same as I did during my deposition.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct

Executed June 22, 2015 in Argentina.

_____
Daniel Negari

2

## CERTIFICATE OF SERVICE

I certify that on June 23, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NED) to the following:

Nicholas Martin DePalma
Randall Karl Miller
Kevin William Weigand
Taylor S. Chapman
VENABLE LLP
8010 Towers Crescent Drive
Suite 300
Tysons Corner, VA 22182

Stephen Keith Marsh
Marsh PLLC
1940 Duke Street
Suite 200
Alexandria, VA 22314

/s/ Timothy J. Battle
Timothy J. Battle
VSB# 18538
524 King Street
Alexandria, VA 22320-4593
(703) 836-1216 Tel
(703) 549-3335 Fax
tjbattle@verizon.net
*Counsel for XYZ.com and Daniel Negari*