IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| Verisign, Inc., | |
| Plaintiff, | Case No. 1:14-cv-01749 CMH-MSN |
| v. | |
| XYZ.com, LLC and Daniel Negari, | |
| Defendants. | |

**DECLARATION OF DEREK LINKE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR REDEPOSITION OF DANIEL NEGARI**

I, Derek Linke, hereby declare:

1. I am counsel for defendants XYZ.com LLC and Daniel Negari ("Defendants"), over the age of 18, competent to testify in this action, and make this declaration from personal knowledge.

2. On May 28, 2015, Verisign identified specific documents that it needed in advance of Verisign's deposition of Daniel Negari, originally scheduled for June 9, 2015.

3. XYZ specifically focused its document production efforts to make sure Verisign received the documents it identified as necessary in advance of its deposition of Daniel Negari.

4. So during the week of June 1, 2015, XYZ produced the following documents: (1) XYZ's agreements with Xin Net Technology Corp.; (2) XYZ's ICANN registry application to operate the .XYZ top-level domain, which lists all of XYZ's investors and owners; (3) invoices relating to the "XYZ Promotion"; (4) requested settlement agreements in other disputes involving Negari; (5) Google analytics reports showing that the statements at issue were not

1

widely disseminated; (6) communications with NPR demonstrating that the interview was unsolicited; (7) XYZ's and Negari's communications with third parties—including Donuts Inc.—referencing .COM and/or Verisign; (8) XYZ's marketing and advertising agreements with registrars involved in the "XYZ Promotion"; (9) complaints filed against Negari; and (10) statistics showing that the .XYZ is the number one new gTLD.

       5.       XYZ produced those requested documents well in advance of the deposition.

       6.       After XYZ produced the specific documents Verisign requested in advance of the Negari deposition, XYZ continued to review additional documents for production so that it could continue its rolling document production.

       7.       On Wednesday, June 9, Verisign raised issues with the format of XYZ's production from the previous week.

       8.       On June 11 and 12, XYZ produced additional documents, including replacements for the recently produced documents with which Verisign had recently raised issues about formatting.

       9.       XYZ's June 11 and 12 document productions were generated in successive batches by XYZ's discovery vendor.

       10.      As each of those batches was received from the vendor, XYZ's counsel provided access to it to Verisign's counsel.

       11.      It initially appeared that the vendor would complete the batches in advance of the hearing, but the final batch was not available until several hours later.

12. At the hearing, my cocounsel accurately described the scope of the document production which had been initiated the day before, but had not received an update about the vendor's status with respect to the final batch.

13. As far as we know, Verisign received all documents in the June 11 and 12 productions without incident.

14. Verisign's motion alludes to "technical issues" with the June 12 productions, but I am not aware of any previous communications by Verisign's counsel about any such technical issues.

15. The documents described in the declaration filed by Verisign's counsel in support of its current motion do not include materials among the "core documents" Verisign had previously demanded in advance of the Negari deposition. Documents on that list produced after the June 12 hearing are currently the subject of a "clawback" notice under Rule 26(b)(5)(B) and thus could not have been used at the Negari deposition under any circumstances.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct

Executed June 23, 2015 at Seattle, Washington.

_____
Derek Linke

**CERTIFICATE OF SERVICE**

I certify that on June 23, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NED) to the following:

Nicholas Martin DePalma
Randall Karl Miller
Kevin William Weigand
Taylor S. Chapman
VENABLE LLP
8010 Towers Crescent Drive
Suite 300
Tysons Corner, VA 22182

Stephen Keith Marsh
Marsh PLLC
1940 Duke Street
Suite 200
Alexandria, VA 22314

/s/ Timothy J. Battle
Timothy J. Battle
VSB# 18538
524 King Street
Alexandria, VA 22320-4593
(703) 836-1216 Tel
(703) 549-3335 Fax
tjbattle@verizon.net
*Counsel for XYZ.com and Daniel Negari*