**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | |
|---|---|
| **VERISIGN, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**XYZ.COM, LLC and DANIEL NEGARI,**<br><br>Defendants. | Case No. 1:14-cv-01749-CMH-MSN |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR PERMISSION TO COMPLETE FOUR LIMITED PENDING DISCOVERY MATTERS**

VeriSign, Inc. ("Verisign") hereby replies in support of its Motion to Compel for Permission to Complete Four Limited Pending Discovery Matters respectfully stating as follows:

1. *Issues Narrowed.* XYZ's Opposition narrows the issues in dispute. Only two issues remain regarding: (1) the deposition of XYZ's accountant; and (2) two corporate representative topics where the Web.com witness was not prepared to testify. No objection was raised with respect to the other topics in Verisign's Motion; therefore, the Court should grant the Motion as to the other topics as unopposed.

2. *Core Relevance of In-Process Discovery.* The two remaining disputed issues: (a) are of core relevance; and (b) have been subject to long-pending discovery requests. First, discovery directed to Web.com is not new; in fact, Verisign issued a Rule 45 subpoena to Web.com on the date discovery began – March 31, 2015. After proceedings in Florida federal court, Web.com agreed to produce documents and present a corporate representative to testify on specifically delineated topics identified in a subpoena that Verisign served on Web.com on June 18, 2015. Verisign revised these topics in a subpoena dated July 31, 2015. That deposition

1

occurred on August 3 in Florida. Contrary to XYZ's characterization that "Web.com's witness answered every question," (Opp'n at 2) the Web.com witness testified that he was unable to answer questions about ███████████████████████████████ at the center of this case; likewise, the witness acknowledged that he could not answer questions about ███ ████████████████████████████ (including the directive from ████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████). *See* Chapman Decl. 8 and Ex. D, E, and F. Both issues were topics specifically identified in the subpoena.

Second, as this Court knows, Verisign's efforts to obtain financial information from XYZ's accountant have been long-pending. Verisign issued the original subpoena to the accountant on June 5, 2015, and XYZ's counsel (not counsel for the accountant) has been blocking the subpoena ever since.[1]

Ultimately, this is a Lanham Act false advertising case where the majority of the challenged advertising statements relate to Negari's false statements about the Network Solutions transaction and false statements about revenue/payment for .XYZ domain names. The Web.com and accountant testimony bear directly on those central issues. *See* Chapman 3-4 and Ex. A (list of statements challenged in this lawsuit).

3. ***Verisign has faced obstruction, evasion, and concealment on these issues.*** The requested discovery remains pending due in part to vigorous attempts to block the discovery about these very simple issues that lie at the core of this lawsuit.

---

[1] We will address separately the "certification" XYZ filed with respect to the document production from the accountant.

The issues also have been the subject of some inaccurate statements.  For example, XYZ represented to the Court that audited financial statements "do not exist" and that the accountant uses XYZ's financial statements "to file taxes but does ***not*** alter them or ***create any other version of the financials***."  (ECF No. 196, at 2) (emphasis added) (unredacted version).  However, the accountant in fact does create audited financial statements and XYZ (perhaps unwittingly) produced an audited financial statement prepared by the very accountant at issue and only after all relevant depositions took place including the damages experts and XYZ's Rule 30(b)(6) representative.[2]  *See* Chapman Decl. Ex. B.  Additionally, XYZ's corporate representative testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, but the accountant certified that the financial statements are in fact GAAP compliant.  *See* Chapman Decl. Ex. B.

With respect to Web.com, Verisign never would have discovered that ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ to registrants if that letter had not been produced by Web.com.  Chapman Decl. Ex. D and F (PX 347).  As the Court may recall, XYZ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  *See* Chapman Decl. Ex. C.

    4.    ***Verisign's Motion complies with the case law permitting completion of in-process discovery.***  Contrary to XYZ's argument, this Court permits parties to complete certain in-process discovery after the cut-off as long as the requesting party was diligent, served discovery in time for a response before the cut-off, and is not pursuing discovery in bad faith or in a way that could disrupt other scheduling deadlines.  *See Reese v. VA Int'l Terminals, Inc.*, 286 F.R.D. 282, 286 (E.D. Va. 2012) (extending discovery for the plaintiff to take eight depositions

---

[2] This contradicts counsel's representation at the last hearing that the XYZ deponent went line by line through the tax returns.  *See* Ex. G.

where plaintiff noticed the depositions "very early in the discovery period, and he engaged in a continuing meet-and-confer dialogue with the defendants throughout the five-month discovery period, ultimately re-noticing these depositions for dates in June, shortly before his discovery deadline"); *see also Banks v. Cook*, 3:08-cv-514, 2009 WL 196532, at *4 (E.D. Va. Jan. 26, 2009) ("extend[ing] the period of discovery for the limited purpose of allowing Defendants to depose" an expert witness); *Great Am. Ins. Co. v. Gross*, 3:05-cv-159, 2007 WL 1577503, at *14 (E.D. Va. May 30, 2007) (recommending "that the close of discovery in this case be extended for forty-five (45) days . . . for the sole purposes of conducting the limited depositions above" although the deposition notices were issued close to the discovery cut-off).

The rationale supporting the extensions in those cases is even stronger here because:

- There is no blanket request for an extension of the discovery cut-off;
- There is no attempt to serve new discovery after the cut-off;
- Verisign was diligent in pursuing discovery; and
- Each of the two remaining disputed items could have been completed prior to the discovery cut-off had Verisign not been thwarted.

Beyond Verisign's diligence, an independent basis to permit completion of the in-process discovery is that there are circumstances suggesting obstruction and evasion (section 3, above). *See Cappetta v. GC Servs. Ltd. P'ship*, 2008 U.S. Dist. LEXIS 103902, at *15-19 (E.D.Va. Dec. 24, 2008) (extending discovery to "comport[] with the time Defendant has improperly obstructed the flow of discovery," noting "[t]he record before the Court shows a clear pattern of obstruction and delay by Defendant.").

5. ***No jeopardy to trial date***. Judge Hilton set the trial date in this matter for November 2, 2015 (ECF No. 220). Given that the trial is two and one-half months away, there is

4

little risk that permitting completion of the limited in-process discovery matters will jeopardize any other deadlines established in the case, including the trial date.

## CONCLUSION

For the foregoing reasons, together with those in the opening memorandum, Verisign respectfully requests that its motion be granted.

Dated: August 20, 2015                                     VENABLE LLP

/s/

Randall K. Miller (VSB No. 70672)
Nicholas M. DePalma (VSB No. 72886)
Kevin W. Weigand (VSB No. 81073)
Taylor S. Chapman (VSB No. 81968)
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Tysons Corner, VA 22182
Phone: (703) 905-1404
Facsimile: (703) 821-8949
rkmiller@venable.com
nmdepalma@venable.com
kwweigand@venable.com
tschapman@venable.com

*Counsel to Plaintiff VeriSign, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 20th day of August, 2015, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

      Timothy J. Battle
      524 King Street
      Alexandria, VA 22320-4593
      (703) 836-1216 Tel
      (703) 549-3335 Fax
      Email: tjbattle@verizon.net

      Derek A. Newman
      Newman Du Wors, LLP
      100 Wilshire Boulevard
      Suite 940
      Santa Monica, CA 90401
      310.359.8188 Tel
      310.359.8190 Fax
      dn@newmanlaw.com

      /s/
      Randall K. Miller (VSB No. 70672)
      Nicholas M. DePalma (VSB No. 72886)
      Kevin W. Weigand (VSB No. 81073)
      Taylor S. Chapman (VSB No. 81968)
      VENABLE LLP
      8010 Towers Crescent Drive, Suite 300
      Tysons Corner, VA 22182
      Phone: (703) 905-1404
      Facsimile: (703) 821-8949
      rkmiller@venable.com
      nmdepalma@venable.com
      kwweigand@venable.com
      tschapman@venable.com

      *Counsel to Plaintiff VeriSign, Inc.*

1005123