IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| Verisign, Inc., <br><br> Plaintiff, <br><br> v. <br><br> XYZ.com, LLC et al., <br><br> Defendants. | Civil Action No. 1:14-cv-01749 CMH-MSN |

**DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY OF MARK BERENBLUT AND MEMORANDUM IN SUPPORT**

# Table of Contents

I.    Introduction..................................................................................................................1

II.   Factual Background....................................................................................................1

      A.   Verisign's Complaint alleges false advertising by a new competitor, XYZ. ............1

      B.   Verisign hired an accounting expert to assess the Network Solutions transaction. 2

      C.   The Berenblut Report is limited to the question of ███████████████████
           ████████████████████████████████████████████████████████
           ███████ ..................................................................................................3

      D.   Berenblut's analysis misapplies basic accounting principles...................5

III.  Argument ...................................................................................................................6

      A.   The Berenblut Report is not relevant because it fails to identify any material false
           statements.................................................................................................................7

      B.   The Berenblut Report is not relevant because it will not help the jury to
           understand whether particular facts meet the standard for falsity or to understand
           emails between XYZ and third parties. ...................................................................9

      C.   ████████████████████████████████████████████████████
           █████ ..................................................................................................9

IV.   Conclusion................................................................................................................ 11

## I. Introduction

The Court should exclude Verisign's expert, Mark Berenblut, for two reasons.

First, and most significantly, Berenblut's opinion is irrelevant because he ████████ ████████████████████████████████████████████ Berenblut fails to identify any materially false statements in the false-advertising case—XYZ never made claims about its accounting practices. ████████████████████████████████████ ████████████████████████ the jury does not need to determine whether XYZ complied with accounting standards. Despite being irrelevant, Berenblut testimony carries significant risk that the jury will be confused and mistakenly believe that ██████████████████████ ████████████████████████.

Second, Berenblut's opinion is unreliable because he: ██████████████████ ████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ██████████

Berenblut's proposed expert testimony is neither relevant nor reliable and should be excluded.

## II. Factual Background

**A. Verisign's Complaint alleges false advertising by a new competitor, XYZ.**

Verisign alleges that XYZ falsely stated that its <.xyz> new TLD product is the "number one new gTLD in the marketplace" and that <.xyz> "has received the most registrations of all new gTLDs . . . ." (Compl. ¶ 53(a),(b).) Verisign claims that such published statements "grossly overstate the number of legitimate .xyz domain name registrations . . . ." (*Id.* ¶ 52.) Verisign

1

contends the statements are misleading because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**B.   Verisign hired an accounting expert to assess the Network Solutions transaction.**

Verisign retained accounting expert Mark L. Berenblut to analyze the Network Solutions transaction.[1] Specifically, Berenblut was asked to address the following questions:

1. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

(Berenblut Report ¶ 2.) Although hired to opine about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Berenblut is not a certified public accountant in the United States, but rather a chartered public accountant in Canada. Berenblut concluded that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Berenblut Report ¶ 16.)

XYZ retained Samuel Hewitt to evaluate the Berenblut Report.[2] Hewitt is a Principal in the forensic accounting practice of GlassRatner, a national specialty financial advisory services

---

[1] *See* July 3, 2015 Expert Report of Mark L. Berenblut ("Berenblut Report") (Declaration of Derek Linke in Support of Defendants' Motion to Exclude Plaintiff's Experts ("Linke Decl."), Ex. C); August 12, 2015 Reply Expert Report of Mark L. Berenblut ("Supplemental Berenblut Report") (Linke Decl., Ex. D).

firm. (Hewitt Report ¶ 6.) He is a CPA and a member of the American Institute of Certified Public Accountants. *Id.* He has approximately 32 years of experience in forensic, public and general accounting, including financial reporting, audit, the quantification of complex economic damages, internal investigations, financial fraud investigations, and financial analysis consulting. (Hewitt Report ¶ 7.)

**C.    The Berenblut Report is limited to the question of** ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Verisign claims that XYZ's statements that XYZ received full payment for each domain name registration were materially misleading. Berenblut theorizes that ▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Supplemental Berenblut Report ¶ 11.) ▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *Id.*

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

[2] *See* August 1, 2015 Expert Report of Samuel J. Hewitt, CPA ("Hewitt Report").

3

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████

      ███████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████

      ████████████████████████████████



(Hewitt Report ¶ 96.)

      ██████████████████████████████████

█████████████████████████████████████████████

██████████████████████████

**D.      Berenblut's analysis misapplies basic accounting principles.**

In addition to applying the wrong rule, Berenblut relies on numerous misstatements of other principles of basic accounting, as well as the underlying facts. ██████████ ██████████████████████████████████████████ (Hewitt Report ¶¶ 98–99.)

██████████████████████████████████████████████████████

██████████████████████████████████████████ (Hewitt Report ¶¶ 103, 109.)

Second, ██████████████████████████████████████

██████████████████████████████ (Supplemental Berenblut Report ¶ 26.) ██

██████████████████████████████████████████████████████

██████████████████████████████████████. (Hewitt Report ¶ 102.)

Third, ██████████████████████████████████

██████████████████████████████████████████████████████

██████████████████ (Hewitt Report ¶ 110.) Instead, it is drawn from media rather than recognized accounting principles—and Berenblut misapplies it, even if it was relevant. (Hewitt Report ¶¶ 110–17.) ██████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████ (Berenblut Dep. Tr. 60:8-11; 72:17-73:2.)

5

### III. Argument

Plaintiff bears the burden of establishing that Berenblut's proffered testimony is admissible under Federal Rule of Evidence 702. *See Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. at 592 n. 10.) Rule 702 allows for opinion testimony by an expert only if the testimony will assist the trier of fact to understand the evidence or to determine a fact in issue and:

1) the testimony is based upon sufficient facts or data;
2) the testimony is the product of reliable principles and methods; and
3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

Because expert witnesses have the potential to "be both powerful and quite misleading," the Court must ensure that any and all scientific testimony is both relevant and reliable. *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001) (citing *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999) and *Daubert*, 509 U.S. at 595.)

The Court determines whether expert testimony is admissible. Fed. R. Evid. 104(a). The Court serves as a gatekeeper for all types of scientific testimony, and must exclude testimony that is irrelevant, unreliable, or more likely to mislead than to help the jury understand a contested issue of material fact. *Shreve v. Sears, Roebuck & Co.*, 166 F. Supp. 2d 378, 391 (D. Md. 2001), citing *Daubert*, 509 U.S. 579, and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).

Several factors assist in guiding the Court's assessment of whether the reasoning or methodology underlying testimony is scientifically valid and "whether that reasoning or methodology properly can be applied to the facts in issue." *Cooper*, 259 F.3d at 199, (quoting

*Daubert*, 509 U.S. at 592–93). These factors include: (1) whether a theory or technique can be or has been tested; (2) whether it has been subjected to peer review and publication; (3) whether a technique has a high known or potential rate of error and whether there are standards controlling its operation; and (4) whether the theory or technique enjoys great general acceptance within a relevant scientific community." *Id.* (citing *Daubert*, 509 U.S. at 592–94). The court has broad latitude to consider these or whatever factors bear on relevance or reliability. *Westberry*, 178 F.3d at 261.

A.  **The Berenblut Report is not relevant because it fails to identify any material false statements.**

Helpfulness to the jury is the touchstone of admissibility for expert opinion. *Kopf v. Skyrm*, 993 F.2d 374, 377 (4th Cir. 1993). The relevance predicate requires that the scientific testimony must properly "fit" the facts of the case, meaning that the Court must decide whether Verisign's proposed testimony is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute. *PBM Products, LLC v. Mead Johnson Nutrition Co.*, No. 3:09-CV-269, 2010 WL 56072, at *1–2 (E.D. Va. Jan. 4, 2010) aff'd sub nom. *PBM Products, LLC v. Mead Johnson & Co.*, 639 F.3d 111 (4th Cir. 2011).

Berenblut's analysis is irrelevant because it does not demonstrate that the advertising is false or misleading. Expert testimony "which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert*, 509 U.S. at 591. There must be a "valid ... connection between the expert's testimony and the pertinent inquiry before the court as a precondition to admissibility." *Garlinger v. Hardee's Food Sys., Inc.*, 16 F. App'x 232, 235 (4th Cir. 2001); *see also Petri v. Virginia Bd. of Med.*, No. 1:13-CV-01486, 2014 WL 5421238, at *2 (E.D. Va. Oct. 23, 2014), citing *Garlinger*, 16 F. App'x at 235 (excluding expert testimony that did not relate to the

7

ultimate question before the jury, even though it might have been helpful to understand the background of the dispute.)

Verisign must prove that XYZ's advertising is materially false. *Scotts Co. v. United Industries*, 15 F.3d 264, 272 (4th Cir. 2002). (Supplemental Berenblut Report ¶ 7.) The Berenblut Report addresses an irrelevant question and is thus not tailored to fit the facts of this case because it provides no useful information for the jury.

A similar report was recently excluded in *SMD Software, Inc. v. EMove, Inc.*, 945 F. Supp. 2d 628, 636 (E.D.N.C. 2013). An expert opined that advertising was false because the claims were unsubstantiated and violated an FTC standard. The court excluded the report because the Lanham Act requires that advertising be false and misleading, not merely unsubstantiated or out of compliance with FTC standards. *Id.* The same basis to exclude exists here. Berenblut, like the expert in *SMD*, opines that XYZ's advertising fails to meet unrelated standards. Berenblut's

8

report provides no useful information to the jury, which must decide whether the statements are either literally or impliedly false, and whether consumers relied on them. And the Berenblut Report carries significant risk that the jury will be confused and mistakenly believe that GAAP standards are the measure of whether XYZ's statements are false.

**B.  The Berenblut Report is not relevant because it will not help the jury to understand whether particular facts meet the standard for falsity or to understand emails between XYZ and third parties.**

Expert opinion that merely recites facts the jury could observe is not helpful and therefore not admissible. *Kopf*, 993 F.2d at 377. Expert opinion that might supplant a jury's independent exercise of common sense is especially harmful. *Scott v. Sears, Roebuck & Co.*, 789 F.2d 1052, 1055 (4th Cir. 1986); *Persinger v. Norfolk & Western Railway Co.*, 920 F.2d 1185, 1188 (4th Cir. 1990) (testimony about how difficult it is to lift heavy things, even couched in scientific terms, is not helpful and is thus excludable).

The remainder of the Berenblut Report is Berenblut's opinion on whether particular facts meet the legal standard of falsity. Testimony from an expert is not admissible if it concerns matters within the everyday knowledge and experience of a lay juror. *Kopf*, 993 F.2d at 377. For example, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Berenblut Report ¶¶ 40-41.) The jury does not need Berenblut's expert opinion to read those emails.

**C.  The Berenblut Report is not reliable because it relies on the wrong GAAP standard.**

The Berenblut Report is unreliable. An expert report that ignores or misapplies accounting standards is inadmissible. *Capital Concepts, Inc. v. Mountain Corp.*, 936 F. Supp. 2d 661, 668 (W.D. Va. 2013). Even if the Berenblut Report was relevant—which it is not—it is

9

unreliable because it ██████████████████████████████████████

(Hewitt Report ¶¶ 98-117.) Particularly, ████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████. *Id.*

Berenblut tries to excuse his citation to the wrong rule by claiming it provides general guidance. (Supplemental Berenblut Report ¶ 14.) ████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████

Berenblut further errs by concluding that ████████████████████████

████████████████████████████████████████████████████

████████████████████████

████████████████████████████████████

████████████████████████████████

████████████████████████████

████████████████████████████████████████

██████████████

████████████████████████████████████████████

████████████████████████████████████████████

10

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████

### IV.   Conclusion

Although ███████████████████████████████████ Verisign engaged Berenblut to render an opinion as to ███████████████████████████████████ His testimony is irrelevant because ███████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████ Berenblut's testimony does not satisfy the standard for expert opinions and is inadmissible. The Court should exclude Berenblut's testimony.

Dated August 28, 2015            s/ Timothy J. Battle
                                 Timothy J. Battle
                                 Timothy J. Battle Law Offices
                                 VSB# 18538
                                 524 King Street
                                 Alexandria, VA 22320-4593
                                 (703) 836-1216 Tel
                                 (703) 549-3335 Fax
                                 *tjbattle@verizon.net*

                                 Derek A. Newman, admitted pro hac vice
                                 Derek Linke, admitted pro hac vice
                                 Jason Sykes, admitted pro hac vice
                                 Sophy Tabandeh, admitted pro hac vice
                                 100 Wilshire Boulevard, Suite 940
                                 Santa Monica, CA 90401
                                 (310) 359-8200 Tel
                                 (310) 359-8190 Fax
                                 *dn@newmanlaw.com*

*linke@newmanlaw.com*
*jason@newmanlaw.com*
*sophy@newmanlaw.com*

*Counsel for Defendants XYZ.com, LLC
and Daniel Negari*

**CERTIFICATE OF SERVICE**

I certify that on August 28, 2015, I electrically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

    Nicholas Martin DePalma
    Randall Karl Miller
    Kevin William Weigand
    Taylor Sumner Chapman
    Venable LLP (Vienna)
    8010 Towers Crescent Drive
    Suite 300
    Tysons Corner, VA 22182
    *nicholas.depalma@venable.com*
    *rkmiller@venable.com*
    *kwweigand@venable.com*
    *tschapman@venable.com*

    /s/ Timothy J. Battle
    Timothy J. Battle (VSB No. 18538)
    Timothy J. Battle Law Offices
    524 King Street
    Alexandria, VA 22320-4593
    (703) 836-1216 Tel
    (703) 549-3335 Fax
    tjbattle@verizon.net
    *Counsel for XYZ.com and Daniel Negari*