IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| Verisign, Inc., <br><br> Plaintiff, <br><br> v. <br><br> XYZ.com, LLC et al., <br><br> Defendants. | Civil Action No. 1:14-cv-01749 CMH-MSN |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO MOVE
DEFENDANTS' MOTIONS TO A LOCAL RULE 7(F) SCHEDULE**

Defendants XYZ.com, LLC and Daniel Negari respectfully request that the Court deny Plaintiff Verisign's motion (ECF 243) to move the hearing dates on Defendants' motions to exclude Plaintiff's expert witnesses (ECF 232, 233, 234, 235).

The current briefing schedule may allow narrowing of the issues on summary judgment. If the Court extends the briefing schedule, Defendants will either have to file a summary-judgment motion repeating the arguments in the pending *Daubert* motions, or delay summary judgment to about two weeks before trial. The Court should hear the motions to exclude on the current schedule to avoid delay of summary judgment or repetition of briefing. To the extent Plaintiff claims prejudice by a filing that arrived at 5:42, the Court should allow Plaintiff until 6:00 p.m. to file its opposition.

**A.     The prompt resolution of Defendants' expert-exclusion motions may benefit the Court and parties by simplifying issues in Defendants' forthcoming summary-judgment motion.**

The Court set trial in this matter for November 2, 2015 (ECF 220). Under Local Civil Rule 56(A), a summary-judgment motion must be filed and set for hearing with reasonable time before the date set for trial to permit the Court to hear arguments and consider the merits after completion of the Local Civil Rule 7(F)(1) briefing schedule.

Defendants plan to move for summary judgment on Plaintiff's only claim, alleged false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). Defendants' pending motions seek to exclude opinion testimony by Plaintiff's disclosed experts about key issues relating to liability (*see* ECF 232, 234, 235), as well as causation and damages (*see* ECF 233). If the Court excludes even one of those experts, the evidentiary record for summary judgment will narrow significantly—benefiting both the Court and parties.

If Defendants' motions are resolved under the current schedule—by Friday, September 4—Defendants will file their summary judgment motion the following week and set it for hearing on Friday, October 2, a full month in advance of the November 2 trial date.

**B.     Delaying the motions may result in unnecessary effort by the Court and parties.**

In contrast, Plaintiff's requested extended briefing and hearing schedule would cause unnecessary delay and confusion. Plaintiff requests that the hearing on Defendants' motions be moved to Friday, September 18. As a result, Defendants would be forced to choose between (1) filing their summary-judgment motion under their original timeframe (*i.e.* during the week of September 7) without any resolution on their expert-exclusion motions, or (2) waiting until after September 18 to file.

By waiting until after September 18, the earliest that Defendants' summary-judgment motion could be set for hearing is Friday, October 16. But that is just a little over two weeks before the November 2 trial date. Such a late hearing date may not comply with the Local Civil Rule 56(A) requirement that summary-judgment hearings must be set reasonably in advance of trial to permit the Court to consider the merits. It would likely also interfere with the parties' trial preparation since so many issues would be left unresolved until the eve of trial.

Yet on the other hand, if Defendants proceed with filing their summary-judgment motion before the resolution of their motions to exclude Plaintiff's experts, there will be substantial uncertainty about what, if any, of Plaintiff's expert-opinion testimony remains admissible. Addressing that uncertainty will likely require both duplicative briefing that restates the arguments raised in Defendants' motions to exclude expert testimony as well as arguments made in the alternative that address the various potential outcomes of the pending expert motions.

C. **Plaintiff's concern about responding under the Court's current briefing schedule is misplaced because Defendants have less than 24 hours to reply and because the Court can allow Plaintiff an additional hour to make up for lost time.**

Plaintiff claims prejudice arising from the time of Defendants' filing, with the latest-filed motion to exclude arriving at 5:42. But in truth, it is Defendants who face the greatest difficulty because they must prepare reply briefs in less than 24 hours.

To the extent that Plaintiff suggests it was deprived of briefing time due to at most a 42-minute delay, the Court should allow Plaintiff an additional hour—until 6:00 p.m.—to file and serve its oppositions. Not only is that longer than the delay Plaintiff complains about, but it is also at a far more useful time—the day of filing as opposed to a brief window on Friday evening when lawyers often head home for the weekend.

**D.	Plaintiff has filed papers after the 5:00 cut-off in the Court's expedited briefing procedures on numerous occasions.**

Plaintiff has filed motion papers after the 5:00 p.m. cut-off on numerous occasions. For example, on Friday, May 29, Plaintiff filed a motion to compel (ECF 60) at 5:30 p.m. and the accompanying notice of hearing at 5:37 p.m. (ECF 61); *see also* ECF 84, 171, 194, 195.

Defendants submit that Plaintiff's previous slightly-delayed filings caused Defendants no more inconvenience or prejudice than did the timing of Defendants' filings here. Any inconvenience should be more than offset by a one-hour extension for Plaintiff's responses. Plaintiff notes that it received under seal copies of some of the supporting materials the following afternoon. But those materials—all of which were expressly identified in the motions and supporting declaration—are just the parties' expert reports and excerpts from the depositions of Plaintiff's experts, all of which Plaintiff already has.

Finally, Plaintiff argues that the tight schedule is exacerbated because its counsel is dealing with other unrelated matters, including preparing for a mediation scheduled *after* Plaintiff's oppositions are due. Six attorneys have appeared on Plaintiff's behalf in this action. It is unlikely they are all tied up preparing to mediate in the other matter.

## Conclusion

Defendants respectfully request that the Court deny Plaintiff's motion to delay the hearing and briefing schedules on Defendants' motions to exclude Defendants' experts. Prompt resolution of these motions will benefit the parties and the Court by simplifying the issues in Defendants' forthcoming motion for summary judgment.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated August 31, 2015 | /s/ Timothy J. Battle |
|  | Timothy J. Battle |
|  | Timothy J. Battle Law Offices |
|  | VSB# 18538 |
|  | 524 King Street |
|  | Alexandria, VA 22320-4593 |
|  | (703) 836-1216 Tel |
|  | (703) 549-3335 Fax |
|  | *tjbattle@verizon.net* |

Derek A. Newman, admitted pro hac vice
Derek Linke, admitted pro hac vice
Jason Sykes, admitted pro hac vice
Sophy Tabandeh, admitted pro hac vice

*Counsel for Defendants XYZ.com, LLC and Daniel Negari*

**CERTIFICATE OF SERVICE**

I certify that on August 31, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

    Nicholas Martin DePalma
    Randall Karl Miller
    Kevin William Weigand
    Taylor Sumner Chapman
    Venable LLP (Vienna)
    8010 Towers Crescent Drive
    Suite 300
    Tysons Corner, VA 22182
    nicholas.depalma@venable.com
    rkmiller@venable.com
    kwweigand@venable.com
    tschapman@venable.com

    /s/ Timothy J. Battle
    Timothy J. Battle (VSB No. 18538)
    Timothy J. Battle Law Offices
    524 King Street
    Alexandria, VA 22320-4593
    (703) 836-1216 Tel
    (703) 549-3335 Fax
    tjbattle@verizon.net
    *Counsel for XYZ.com and Daniel Negari*