IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| Verisign, Inc.,<br><br>        Plaintiff,<br><br>    v.<br><br>XYZ.com, LLC and Daniel Negari,<br><br>        Defendants. | Case No. 1:14-cv-01749 CMH-MSN |

**DEFENDANTS' RESPONSE TO VERISIGN, INC.'S MOTION FOR LEAVE TO FILE UNDER SEAL AND INCORPORATED MEMORANDUM IN SUPPORT**

Defendants XYZ.com, LLC ("XYZ") and Daniel Negari (collectively, "Defendants"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 5.2(d) and Local Civil Rule 5, respond to Verisign, Inc.'s ("Verisign") Motion for Leave to File Under Seal and Incorporated Memorandum in Support. (Dkt. 223.) Defendants respectfully request that the Court seal the unredacted version of Verisign's Reply in Support of its Motion for Permission to Complete Four Limited Pending Discovery Matters ("Reply") (Dkt. 221), the sealed version of Taylor S. Chapman's Declaration, dated August 20, 2015 ("Chapman Declaration") (Dkt. 222), and the sealed versions of Exhibits A–G to the Chapman Declaration (collectively, the "Sealed Materials").

**STATEMENT OF FACTS**

On May 18, 2015, this Court entered a protective order, brought jointly by the parties, that permits the parties and third parties to designate certain documents and information as "Confidential" or "Attorney's Eyes Only". (Dkt. 57 ("Protective Order").) Documents and

1

information designated as "Attorney's Eyes Only" are highly sensitive and confidential. (*Id.* at ¶ 2.) Documents and information designated as "Confidential" are competitively sensitive information. (*Id.* at ¶ 1.) Disclosure of these types of information is likely to lead to irreparable injury. (*Id.* at ¶¶ 1, 2.) Any party that files a document containing confidential information must file the document under seal, unless the designating party withdraws the designation or the Court rules that it is not entitled to the designation. (*Id.* at ¶¶ 13, 14.)

On August 20, 2015, Verisign filed the Sealed Materials in Support of its Motion for Permission to Complete Four Limited Pending Discovery Matters. (Dkt. 208.) There are sound reasons for keeping the Sealed Materials from the public because they contain XYZ and Web.com's confidential and sensitive information.

The Reply contains testimony from the deposition of XYZ's 30(b)(6) deponent, Grant Carpenter, dated August 10, 2015 ("Carpenter Deposition"), regarding XYZ's financials, which has been designated as "Confidential Attorneys' Eyes Only". The Reply also contains testimony from the deposition of third-party Web.com/Network Solutions' corporate representative, Jason Teichman, dated August 4, 2015 ("Teichman Deposition"), discussing Web.com and XYZ's business relationship and confidential agreements. This testimony has been designated as "Highly Confidential – Attorneys' Eyes Only".

The Chapman Declaration contains excerpts from the Teichman Deposition discussing Web.com and XYZ's business relationship and confidential agreements. The Chapman Declaration also contains information relating to confidential communications regarding XYZ and Web.com's confidential agreements, which have been designated as "Attorney's Eyes Only" by both XYZ and Web.com. Exhibit A contains confidential and sensitive information relating to XYZ's business relationships and agreements, marketing, advertising, revenue, and

expenses. Exhibit B contains XYZ's highly confidential and sensitive financial statements, which have been designated as "Attorney's Eyes Only". Exhibit C contains confidential and sensitive information relating to XYZ's business relationships and agreements, and has been designated as "Attorney's Eyes Only". Exhibits D and F were produced by Web.com to Verisign pursuant to a Rule 45 subpoena. Exhibits D and F contain confidential and sensitive information relating to XYZ and Web.com's business relationship and agreements, and have been designated as "Highly Confidential - Attorney's Eyes Only" by Web.com. Exhibit E is an excerpt from the Teichman Deposition, which discusses XYZ and Web.com's business relationship and confidential agreements, and has been designated as "Highly Confidential – Attorneys' Eyes Only". Exhibit G contains information from the Carpenter Deposition relating to XYZ's highly confidential tax returns.

## ARGUMENT

The Supreme Court recognizes a common law right to inspect and copy judicial records and documents. *See In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). But this right is not absolute. *Id.* A trial court has "supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Id.* Here, Defendants and Web.com's interests in protecting the confidentiality of the Sealed Materials outweigh the public's right of access.

In the Fourth Circuit, there are three requirements for sealing court filings: (1) public notice that allows interested parties a reasonable opportunity to object, (2) consideration of less drastic alternatives to sealing the documents, and (3) a statement of specific reasons and factual

3

findings supporting its decision to seal the documents and for rejecting the alternatives. *Ashcraft v. Conoco, Inc.* 218 F.3d 282, 288 (4th Cir. 2000). All three requirements are met here.

First, the public docketing of Verisign's motion to seal provides interested persons a reasonable opportunity to object; individual notice is not required. *Id.*

Second, Defendants do not seek a total sealing of the Reply, only that the unredacted version of the filing remain under seal. Verisign has already filed a redacted version of the Reply with the Court, which is publicly available on the Court's docket. Although there are no redacted versions of the Chapman Declaration and Exhibits A–G, there is no less drastic alternative to sealing because they contain confidential and sensitive information as summarized above and do not lend themselves to selective redaction. Additionally, Exhibits B, C, D, E, and F have been designated as "Attorney's Eyes Only" in their entirety.

Finally, the sealing of the Sealed Materials is justified because they contain highly confidential and sensitive information as summarized above, including information relating to XYZ's confidential business relationships and agreements, financial statements, marketing and advertising activities, revenues, and expenses. The Sealed Materials also contain confidential information that Web.com has designated as "Highly Confidential – Attorney's Eyes Only". Defendants do not seek to seal the Sealed Materials for an improper purpose, but because public disclosure of the information will cause irreparable harm to both Defendants and Web.com's interests.

## CONCLUSION

Defendants respectfully request that the Court seal: (1) the unredacted version of Verisign's Reply in Support of its Motion for Permission to Complete Four Limited Pending Discovery Matters (Dkt. 221), (2) the sealed version of Taylor S. Chapman's Declaration, dated

August 20, 2015 (Dkt. 222), and (3) the sealed versions of Exhibits A–G to Taylor S. Chapman's Declaration.

Dated: September 2, 2015.

/s/ Timothy J. Battle
Timothy J. Battle (VSB No. 18538)
Timothy J. Battle Law Offices
524 King Street
Alexandria, VA 22320-4593
(703) 836-1216 Tel
(703) 549-3335 Fax
tjbattle@verizon.net
*Counsel for XYZ.com LLC and Daniel Negari*


Derek A. Newman, admitted *pro hac vice*
Jason B. Sykes, admitted *pro hac vice*
Derek Linke, admitted *pro hac vice*
Sophy Tabandeh, admitted *pro hac vice*
Newman Du Wors LLP
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
(206) 274-2800 Tel
(206) 274-2801 Fax

*Counsel for XYZ.com LLC and Daniel Negari*

## CERTIFICATE OF SERVICE

I certify that on September 2, 2015, I electrically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NED) to the following:

Nicholas Martin DePalma
Randall Karl Miller
Kevin William Weigand
Taylor Sumner Chapman
Venable LLP (Vienna)
8010 Towers Crescent Drive
Suite 300
Tysons Corner, VA 22182
nicholas.depalma@venable.com
rkmiller@venable.com
kwweigand@venable.com
tschapman@venable.com

/s/
Timothy J. Battle (VSB No. 18538)
Timothy J. Battle Law Offices
524 King Street
Alexandria, VA 22320-4593
(703) 836-1216 Tel
(703) 549-3335 Fax
tjbattle@verizon.net
*Counsel for XYZ.com and Daniel Negari*