IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| Verisign, Inc., <br><br>    Plaintiff, <br><br> v. <br><br> XYZ.com, LLC and Daniel Negari, <br><br>    Defendants. | Case No. 1:14-cv-01749 CMH-MSN |

**DEFENDANTS' RESPONSE TO VERISIGN, INC.'S MOTION FOR LEAVE TO FILE UNDER SEAL AND INCORPORATED MEMORANDUM IN SUPPORT**

Defendants XYZ.com, LLC ("XYZ") and Daniel Negari (collectively, "Defendants"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 5.2(d) and Local Civil Rule 5, respond to Verisign, Inc.'s ("Verisign") Motion for Leave to File Under Seal Exhibit A to Plaintiff's Motion in Limine to Admit Defendants' Advertising Statements and Incorporated Memorandum in Support. (Dkt. 264.) Defendants respectfully request that the Court seal the sealed version of Exhibit A to Plaintiff's Motion in Limine to Admit Defendants' Advertising Statements ("Exhibit A"). (Dkt. 260-1.)

**STATEMENT OF FACTS**

On May 18, 2015, this Court entered a protective order, brought jointly by the parties, that permits the parties to designate certain documents and information as "Confidential" or "Attorney's Eyes Only". (Dkt. 57 ("Protective Order").) Documents and information designated as "Attorney's Eyes Only" are highly sensitive and confidential. (*Id.* at ¶ 2.) Documents and information designated as "Confidential" are competitively sensitive information. (*Id.* at ¶ 1.) Disclosure of these types of information is likely to lead to irreparable

injury. (*Id.* at ¶¶ 1, 2.) Any party that files a document containing confidential information must file the document under seal, unless the designating party withdraws the designation or the Court rules that it is not entitled to the designation. (*Id.* at ¶¶ 13, 14.)

On September 4, 2015, Verisign filed Exhibit A in Support of its Motion in Limine to Admit Defendants' Advertising Statements. (Dkt. 260.) There are sound reasons for keeping Exhibit A from the public because it contains excerpts from more than fifty documents that Defendants have designated as "Attorney's Eyes Only" and "Confidential" because they contain confidential and sensitive information relating to XYZ's business relationships, communications with business contacts, agreements, marketing and advertising activities, revenue, and expenses.

## ARGUMENT

The Supreme Court recognizes a common law right to inspect and copy judicial records and documents. *See In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). But this right is not absolute. *Id.* A trial court has "supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Id.* Here, Defendants' interest in protecting the confidentiality of their sensitive information outweighs the public's right of access.

In the Fourth Circuit, there are three requirements for sealing court filings: (1) public notice that allows interested parties a reasonable opportunity to object, (2) consideration of less drastic alternatives to sealing the documents, and (3) a statement of specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives. *Ashcraft v. Conoco, Inc.* 218 F.3d 282, 288 (4th Cir. 2000). All three requirements are met here.

2

First, the public docketing of Verisign's motion to seal provides interested persons a reasonable opportunity to object; individual notice is not required. *Id.*

Second, there is no less drastic alternative to sealing Exhibit A because it contains Defendants' confidential and sensitive information throughout the entire exhibit and thus does not lend itself to selective redaction.

Finally, the sealing of Exhibit A is justified because it contains confidential and sensitive information from more than fifty documents which Defendants have designated as "Attorney's Eyes Only" and "Confidential" because they relate to XYZ's business relationships, communications with business contacts, agreements, marketing and advertising activities, revenue, and expenses. Defendants have not withdrawn any of the designations, and the Court has not ruled that the documents or information are not entitled to confidential treatment under the Protective Order. Defendants do not seek to seal Exhibit A for an improper purpose, but because public disclosure of the information will cause irreparable harm to Defendants' interests.

## CONCLUSION

Defendants respectfully request that the Court seal the sealed version of Exhibit A to Plaintiff's Motion in Limine to Admit Defendants' Advertising Statements. (Dkt. 260-1.) Public disclosure of Exhibit A would reveal Defendants' confidential and sensitive information, and would impose a substantial risk to Defendants' interests.

Dated: September 9, 2015.

/s/
Timothy J. Battle (VSB No. 18538)
Timothy J. Battle Law Offices

3

524 King Street
Alexandria, VA 22320-4593
(703) 836-1216 Tel
(703) 549-3335 Fax
tjbattle@verizon.net
*Counsel for XYZ.com LLC and Daniel Negari*


Derek A. Newman, admitted *pro hac vice*
Jason B. Sykes, admitted *pro hac vice*
Derek Linke, admitted *pro hac vice*
Sophy Tabandeh, admitted *pro hac vice*
Newman Du Wors LLP
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
(206) 274-2800 Tel
(206) 274-2801 Fax

*Counsel for XYZ.com LLC and Daniel Negari*

## CERTIFICATE OF SERVICE

I certify that on September 9, 2015, I electrically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NED) to the following:

Nicholas Martin DePalma
Randall Karl Miller
Kevin William Weigand
Taylor Sumner Chapman
Venable LLP (Vienna)
8010 Towers Crescent Drive
Suite 300
Tysons Corner, VA 22182
nicholas.depalma@venable.com
rkmiller@venable.com
kwweigand@venable.com
tschapman@venable.com

/s/
Timothy J. Battle (VSB No. 18538)
Timothy J. Battle Law Offices
524 King Street
Alexandria, VA 22320-4593
(703) 836-1216 Tel
(703) 549-3335 Fax
tjbattle@verizon.net
*Counsel for XYZ.com and Daniel Negari*