IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| Verisign, Inc., <br><br> Plaintiff, <br><br> v. <br><br> XYZ.com, LLC et al., <br><br> Defendants. | Civil Action No. 1:14-cv-01749 CMH-MSN |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR CLARIFICATION OR MODIFICATION OF ORDER GRANTING PERMISSION TO COMPLETE FOUR LIMITED PENDING DISCOVERY MATTERS**

Following a telephonic hearing on Verisign's motion for permission to complete several pending discovery issues, the Court entered an Order (ECF 229) granting Verisign's motion "in accordance with the specific findings" made by the Court during the hearing. Those findings were not reflected in the Court's written order and there is neither a transcript nor a recording of the hearing. Now Verisign plans to proceed as though the limitations this Court identified during it oral ruling do not exist.

Verisign's nonparty subpoenas to Defendants' accountant and ICANN were substantially narrowed by court order. And Verisign has now set depositions of the nonparty subpoena recipients—Defendants' accountant and ICANN—for September 14 and 15. Despite this Court's stated limitations on the scope of those depositions and despite the court orders narrowing the scope of those subpoenas to those nonparties, Verisign plans to proceed with those depositions as though no such limitations exist.

1

Verisign now falsely accuses XYZ of seeking to obstruct discovery or to "run out the clock". But neither is true. The limits have *already been set* by this Court and XYZ is simply asking for a written order confirming them.

XYZ respectfully requests that the Court grant its motion and enter a written order clarifying its order on Verisign's request to complete these limited discovery items.

A. **The Court needs to confirm its oral ruling because Verisign intends to disregard the limitations the Court imposed when granting Verisign additional time to complete certain discovery items.**

Verisign asked for permission to complete several open discovery items relating to Verisign's outstanding nonparty subpoenas, including to the accountant and ICANN. The Court granted that relief but limited the scope of any remaining discovery. But because those limitations are not expressly stated in a written order, Verisign plans to ignore them.

Verisign's response falsely accuses XYZ of seeking to obstruct discovery or to "run out the clock". Neither is true—XYZ is simply asking for a written order stating the limitations this Court already imposed during its oral ruling. Without doing so, the Court's direction to the parties during that hearing appears likely to become irrelevant, as Verisign's depositions of the nonparties are scheduled for only a few days from now.

B. **Verisign's description of the court orders narrowing its subpoenas is misleading— the orders largely rejected Verisign's subpoena requests on the basis that they exceeded the scope of this litigation and were intrusive.**

XYZ moved to quash Verisign's subpoena to the accountant partly on the basis that it exceeded the scope of discovery by demanding irrelevant yet confidential and personal materials relating to Negari's personal finances and those of numerous other companies. The California court refused to permit Verisign to take that discovery, granting XYZ's motion to quash "with respect to financial information relating to Mr. Negari's companies other than XYZ" because

2

XYZ and Negari asserted a "privacy interest that outweighs plaintiff's stated need for that information." (C.D. Cal. Case No. MC 15-208-JFW (PLAx), Dkt. 17 at 9:1-2.) The order limited the subpoena to a few categories of documents relating to XYZ's finances and documents that "specifically reflect Mr. Negari's financial relationship with XYZ." (*Id.* pp. 9–10.)

Similarly, Verisign's motion to compel subpoena responses from nonparty ICANN was granted in part and denied in part. At the hearing on that matter, ICANN stated that it was concerned that Verisign's subpoena improperly sought to obtain materials related to a separate lawsuit Verisign has threatened to file against ICANN that have no relevance to *this* lawsuit. Accordingly, that court specifically admonished Verisign that documents produced in response to the subpoena "shall be limited to use for purposes of litigating" Verisign's lawsuit against XYZ. (*See* C.D. Cal. Case No. 15-MC-229-CAS(Ex), Dkt. 18 at 1–2.)

C. **Without a written order, Verisign plans to ignore this Court's oral ruling and continue its fishing expedition into Defendants' irrelevant financial information when deposing the accountant.**

This Court ordered that any further discovery—like Verisign's upcoming deposition of the accountant—would be limited by the scope of any order on XYZ's motion to quash Verisign's subpoena to the accountant and documents produced. Verisign argues that XYZ's request for clarification would result in inconsistencies between the orders from this Court and other courts. But the opposite is true—a written order from this Court would *prevent* such inconsistencies.

The California court significantly narrowed the scope of Verisign's subpoena to the accountant, including relieving the accountant of producing documents already produced by XYZ in party discovery. As a result, the accountant's document production was limited to a handful of communications, a general ledger for XYZ, some year-over-year comparative financial

3

statements (with the same information as in the annual financials XYZ already produced), and a documents specifically reflecting Negari's financial relationship with XYZ. Those documents—none of which Verisign requested from XYZ or Negari via party discovery—total just 83 pages.

Verisign accuses Defendants of "attempting to handicap Verisign's effort to rightfully obtain discovery"—but it is Verisign that intends to disregard this Court's oral ruling, the limitations imposed by the California court in narrowing Verisign's subpoena to the accountant, and the limited extent of the accountant's document production, by taking a deposition of the accountant without any limitations as to scope.

This Court should issue a written order confirming its oral rulings because if it does not, then they will have no effect and Verisign will ignore them by seeking to take deposition testimony from the accountant that far exceeds the scope of this Court's order permitting Verisign to complete limited discovery pertaining to this issue.

**D.  If Verisign is permitted to ignore the Court's oral ruling by taking deposition that exceeds the scope of its subpoena and document production, Defendants will suffer harm that cannot be cured by motions in limine.**

The California court refused to allow Verisign to obtain documents from the accountant "with respect to financial information relating to Mr. Negari's companies other than XYZ" because XYZ and Negari asserted a "privacy interest that outweighs plaintiff's stated need for that information." (C.D. Cal. Case No. MC 15-208-JFW (PLAx), Dkt. 17 at 9:1-2.) Verisign's deposition of the accountant should be subject to that same limitation, as this Court ruled during the telephonic hearing.

If Verisign is able to ignore this Court's ruling by simply asking the accountant for this information, it will have neatly circumventing both the orders of this Court and the California

4

court. As a result, Defendants risk having Verisign obtain precisely the same sensitive and personal information—none of which is relevant in any way to this lawsuit.

Verisign's suggestion that any issues raised by its attempt to obtain this sensitive, irrelevant information could be addressed via motions in limine is nonsensical. The harm posed by Verisign's repeated attempts to obtain this competitively sensitive and personal information (none of which is relevant) occurs as soon as Verisign receives the information. Whether or not it is admitted into evidence is not the issue.

|  |  |
|---|---|
| Dated September 10, 2015 | /s/ Timothy J. Battle |
|  | Timothy J. Battle |
|  | Timothy J. Battle Law Offices |
|  | VSB# 18538 |
|  | 524 King Street |
|  | Alexandria, VA 22320-4593 |
|  | (703) 836-1216 Tel |
|  | (703) 549-3335 Fax |
|  | *tjbattle@verizon.net* |
|  |  |
|  | Derek A. Newman, admitted pro hac vice |
|  | Derek Linke, admitted pro hac vice |
|  | Jason Sykes, admitted pro hac vice |
|  | Sophy Tabandeh, admitted pro hac vice |
|  |  |
|  | *Counsel for Defendants XYZ.com, LLC and Daniel Negari* |

**CERTIFICATE OF SERVICE**

I certify that on September 10, 2015, I electrically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Nicholas Martin DePalma
Randall Karl Miller
Kevin William Weigand
Taylor Sumner Chapman
Venable LLP (Vienna)
8010 Towers Crescent Drive
Suite 300
Tysons Corner, VA 22182
nicholas.depalma@venable.com
rkmiller@venable.com
kwweigand@venable.com
tschapman@venable.com

/s/ Timothy J. Battle
Timothy J. Battle (VSB No. 18538)
Timothy J. Battle Law Offices
524 King Street
Alexandria, VA 22320-4593
(703) 836-1216 Tel
(703) 549-3335 Fax
tjbattle@verizon.net
*Counsel for XYZ.com and Daniel Negari*