IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| Verisign, Inc.,<br><br>        Plaintiff,<br><br>    v.<br><br>XYZ.com, LLC and Daniel Negari,<br><br>        Defendants. | Case No. 1:14-cv-01749 CMH-MSN |

**DEFENDANTS' RESPONSE TO VERISIGN, INC.'S MOTION FOR LEAVE TO FILE UNDER SEAL AND INCORPORATED MEMORANDUM IN SUPPORT**

Defendants XYZ.com, LLC ("XYZ") and Daniel Negari (collectively, "Defendants"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 5.2(d) and Local Civil Rule 5, respond to Verisign, Inc.'s ("Verisign") Motion for Leave to File Under Seal Verisign's Amended Exhibit List and Incorporated Memorandum in Support. (Dkt. 309.) Defendants respectfully request that the Court seal Plaintiff's Amended Exhibit List ("Amended Exhibit List"). (Dkt. 308.)

**STATEMENT OF FACTS**

On May 18, 2015, this Court entered a protective order, brought jointly by the parties, that permits the parties to designate certain documents and information as "Confidential" or "Attorney's Eyes Only". (Dkt. 57 ("Protective Order").) Documents and information designated as "Attorney's Eyes Only" are highly sensitive and confidential. (*Id.* at ¶ 2.) Documents and information designated as "Confidential" are competitively sensitive information. (*Id.* at ¶ 1.) Disclosure of these types of information is likely to lead to irreparable injury. (*Id.* at ¶¶ 1, 2.) Any party that files a document containing confidential information must file the document under seal, unless the designating party withdraws the designation or the Court rules that it is not entitled to the designation. (*Id.* at ¶¶ 13, 14.)

1

On October 1, 2015, Verisign filed its Amended Exhibit List. (Dkt. 308.) The Amended Exhibit List contains the same descriptions included in Verisign's initial Trial Exhibit List (Dkt. 219 ("Exhibit List")) in addition to others. Verisign filed a Consent Motion to Seal its List of Trial Exhibits (Dkt. 230)—which the Court granted (Dkt. 304). There are sound reasons for keeping the Amended Exhibit List from the public because it contains 484 document entries that include detailed descriptions of information that Defendants have designated as "Confidential" or "Attorney's Eyes Only" under the Protective Order. These descriptions contain confidential and sensitive information relating to XYZ's business relationships and agreements, confidential internal communications, communications with business contacts, marketing and advertising activities, and XYZ's revenue and expenses.

When Verisign filed an unsealed version of its initial Trial Exhibit List, XYZ suffered harm almost immediately. Multiple media websites published the Exhibit List. The popular Domain Name Wire blog, promptly published an article, "Here are the Exhibit and Witness lists for the Verisign v. XYZ trial", claiming that "it's clear that if you emailed Daniel Negari about .xyz, there's a good chance Verisign has reviewed that email." (September 2, 2015 Declaration of Daniel Negari (Dkt. 258) ¶ 4, Ex. A.) The blog accurately stated that the "Lists will hit home in the domain name industry." (*See id.*) It also described a business deal that XYZ specifically designated as "Attorney's Eyes Only." (*See id.*) The blog included a .pdf version of the Exhibit List. (*See id.*) DomainIncite also promptly picked up the story and published an article entitled "Did XYZ.com pay NetSol $3m to bloat .xyz?". (Dkt. 258, ¶ 5, Ex. B.) Based on the information contained in Verisign's Exhibit List, the article describes XYZ's business deal with Web.com as "dodgy". (*Id.*)

The domain-name industry depends on confidentiality. (*Id.* at ¶ 6.) Participants do not want business deals disclosed because pricing and exclusivity arrangements, if known, can give competitors a business advantage. (*Id.*) Most of XYZ's deals with registrars are protected by confidentiality clauses, and even the existence of a deal—as revealed by Verisign's Amended

Exhibit List— can be harmful to both XYZ and XYZ's business partners if publicly known. (*Id.* at ¶ 7.)

## ARGUMENT

The Supreme Court recognizes a common law right to inspect and copy judicial records and documents. *See In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). But this right is not absolute. *Id.* A trial court has "supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Id.* Here, Defendants' interest in protecting the confidentiality of their sensitive information outweighs the public's right of access.

In the Fourth Circuit, there are three requirements for sealing court filings: (1) public notice that allows interested parties a reasonable opportunity to object, (2) consideration of less drastic alternatives to sealing the documents, and (3) a statement of specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives. *Ashcraft v. Conoco, Inc.* 218 F.3d 282, 288 (4th Cir. 2000). All three requirements are met here.

First, the public docketing of Verisign's motion to seal provides interested persons a reasonable opportunity to object; individual notice is not required. *Id.*

Second, there is no less drastic alternative to sealing the Amended Exhibit List because it contains Defendants' confidential and sensitive information throughout the entire list and thus does not lend itself to selective redaction.

Finally, the sealing of the Amended Exhibit List is justified because it contains confidential and sensitive information which Defendants have designated as "Attorney's Eyes Only" and "Confidential" because they relate to XYZ's business relationships and agreements, confidential internal communications and communications with business contacts, marketing and advertising activities, revenue, and expenses. Defendants have not withdrawn any of the designations, and the Court has not ruled that the documents or information are not entitled to the designations. Defendants do not seek to seal the Amended Exhibit List for an improper

purpose, but because public disclosure of the information will cause irreparable harm to Defendants' interests.

## CONCLUSION

Defendants respectfully request that the Court seal the sealed version of Plaintiff's Amended Exhibit List. (Dkt. 308.) Public disclosure of the Amended Exhibit List would reveal Defendants' confidential and sensitive information, and would impose a substantial risk to Defendants' interests.

Dated: October 14, 2015.          Respectfully Submitted,

/s/_____
Timothy J. Battle (VSB No. 18538)
Timothy J. Battle Law Offices
524 King Street
Alexandria, VA 22320-4593
(703) 836-1216 Tel
(703) 549-3335 Fax
tjbattle@verizon.net
*Counsel for XYZ.com LLC and Daniel Negari*

Derek A. Newman, admitted *pro hac vice*
Jason B. Sykes, admitted *pro hac vice*
Derek Linke, admitted *pro hac vice*
Sophy Tabandeh, admitted *pro hac vice*
Newman Du Wors LLP
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
(206) 274-2800 Tel
(206) 274-2801 Fax

*Counsel for XYZ.com LLC and Daniel Negari*

## CERTIFICATE OF SERVICE

I certify that on October 14, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NED) to the following:

Nicholas Martin DePalma
Randall Karl Miller
Kevin William Weigand
Taylor Sumner Chapman
Venable LLP (Vienna)
8010 Towers Crescent Drive
Suite 300
Tysons Corner, VA 22182
nicholas.depalma@venable.com
rkmiller@venable.com
kwweigand@venable.com
tschapman@venable.com

/s/ _____
Timothy J. Battle (VSB No. 18538)
Timothy J. Battle Law Offices
524 King Street
Alexandria, VA 22320-4593
(703) 836-1216 Tel
(703) 549-3335 Fax
tjbattle@verizon.net
*Counsel for XYZ.com and Daniel Negari*