IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

Verisign, Inc.,

    Plaintiff,

v.

XYZ.com, LLC et al.,

    Defendants.

Civil Action No. 1:14-cv-01749 CMH-MSN

**DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR ADVERSE INFERENCE**

**Table of Contents**

I. Introduction ........................................................................................................................1

II. Facts ...................................................................................................................................1

    A. Verisign never requested the general ledger from XYZ in party discovery, and this Court denied Verisign's motion to compel the general ledger from XYZ. .............1

    B. Three third-party witnesses corroborate XYZ's testimony about the Network Solutions transaction. ...............................................................................................3

    C. The accountant did not testify that the native form of the general ledger has more information about the Network Solutions transaction, but rather confirmed that Verisign's counsel correctly obtained information manually. .............................. 4

III. Discussion ......................................................................................................................... 4

    A. Sanctions are not authorized under Rule 37(b) because XYZ did not fail to comply with a court order. ........................................................................................ 4

    B. Verisign cannot meet any of the four factors for an adverse inference. ........................5

IV. Conclusion .........................................................................................................................7

## I. Introduction

Verisign seeks a severe evidentiary sanction under Rule 37(b) for XYZ's alleged failure to produce its general ledger. But Rule 37(b) sanctions are only available where a party fails to comply with a court order. No court has ever ordered XYZ to produce its general ledger, in part because Verisign never requested the ledger from XYZ . Since XYZ did not violate any order, Verisign is not entitled to the severe sanctions it seeks..

The only financial documents Verisign requested were particular financial statements (that were not the general ledger) and documents "sufficient to show" certain details about the Network Solutions transaction. XYZ produced all those materials and fully complied with the discovery orders relating to Verisign's requests—none of which asked for a general ledger. And XYZ has never been sanctioned for a discovery violation—which is generally a prerequisite to an adverse-inference instruction.

Verisign only requested the general ledger in a subpoena to XYZ's outside accountant. Verisign later asked this Court to order XYZ to produce documents responsive to that subpoena, but the Court denied Verisign's request. Instead, the Court expressly limited its order to only the materials sought in Verisign's document requests to XYZ. Those requests did not ask for a general ledger.

The Court should deny Verisign's Motion for Adverse Inference (Dkt. 339).

## II. Facts

**A. Verisign never requested the general ledger from XYZ in party discovery, and this Court denied Verisign's motion to compel the general ledger from XYZ.**

Verisign never requested a general ledger from XYZ in party discovery. Instead it sought the ledger via a third-party subpoena to XYZ's outside accountant in California. (*See* Declaration of Celeste M. Brecht in Opposition to Defendants' Motion to Quash Subpoena and In Support of Plaintiff's Cross Motion to Compel at 63–69, Verisign, Inc. v. XYZ.com LLC et al., No. MC 2:15-

1

208-JFW (PLAx) (C.D. Cal. 2015) (Dkt. 13-2). Verisign later moved to compel XYZ's general ledger from XYZ directly but the Court denied Verisign's request for the ledger from XYZ. (*See* Plaintiff's Reply in Support of Motion to Compel Production of Defendants' Financial Documents Held By Their Accountant (Dkt. 202) at 8–9; Transcript of Hearing on Motions, Aug. 14, 2015 (Dkt. 211) ("Aug. 14 Hearing") at 8:12–23, 16:5–18.) The Court found Verisign had not requested the ledger from XYZ, so there was no basis to compel production. (Aug. 14 Hearing at 8:12–9:8, 16:5–18.) The Court specifically denied Verisign's motion with respect to any materials that are "subject to the pending subpoena [to the accountant] but not one of the requests for production of documents [to XYZ]…[s]o I grant it only with regard to [Request Nos.] 28, 29, and 30," which did not include the general ledger (*Id.* at 16:6–18.)

Following the hearing, the Court ordered Defendants to file a "pleading certifying that all Defendants have communicated with the accountant and that all documents responsive to Request for Production of Documents Nos. 28-30 have been produced." (Aug. 17, 2015 Order (Dkt. 212) ("Dkt. 212").) On August 17, 2015, Defendants timely filed the required certification confirming that they had communicated with the accountant to obtain documents responsive to Verisign's Request Nos. 28–30 and produced them. (*See* Certification Re: Plaintiff's Motion to Compel Production of Defendants' Financial Documents Held By Their Accountant (Dkt. 214) ("Dkt. 214").) Verisign never raised an issue with the certification.

XYZ also complied with the only other order from this Court about financial documents. (July 24, 2015 Order (Dkt. 167) ("July 24 Order").) On July 24, 2015—*before* XYZ's responses to Request Nos. 28–30 were due—the Court found that "VeriSign is entitled to the financial information sought in **Requests for Production Nos. 28-30**." (*Id.*) The Court ordered XYZ "to produce all relevant documents by 12:00 p.m. on Wednesday, July 29, 2015." (*Id.* (emphasis added). The July 24 Order did not require XYZ to produce a general ledger. (*See id.*)

2

**B.  Three third-party witnesses corroborate XYZ's testimony about the Network Solutions transaction.**

Verisign took extensive discovery about the accounting treatment of the Network Solutions (a Web.com subsidiary) transaction. It took two depositions of Web.com. (*See* Verisign's Motion For Permission to Complete Web.com Deposition Ordered by the Middle District of Florida (Dkt. 320); October 13, 2015 Order (Dkt. 328).) Verisign took the deposition of Web.com's outside auditor, Ernst & Young. (*See* Verisign's Motion for Permission to Take the Deposition of Ernst & Young on October 7, 2015 (Dkt. 293); September 21, 2015 Order (Dkt. 296).) Verisign took the deposition of XYZ's accountant. (*See* Plaintiff's Motion for Permission to Complete Four Limited Pending Discovery Matters (Dkt. 208); Aug. 24, 2015 Order (Dkt. 229).) And, of course, Verisign took multiple depositions of XYZ employees, including a 30(b)(6) corporate representative, two depositions of Daniel Negari, and several employee depositions.

All deposition testimony was consistent. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (*See* Defendants' Motion for Summary Judgment or Partial Summary Judgment and Incorporated Memorandum in Support (Dkt. 299) ("Motion for Summary Judgment"), Ex. W (Dkt. 299-23) ("Ex. W") at 2, Ex. X (299-24) ("Ex. X").) Web.com's independent auditor, Ernst & Young, determined that both the ▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (*See* Ex. W at 2, Motion for Summary Judgment, Ex. H (Dkt. 299-8) at 193:7–10.) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. (*See* Ex. W at 2.) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Motion for Summary Judgment, Ex. I (Dkt. 299-9) at 57:17–19, 165:13–17, 170:21– 171:3, 212:1–24.) Verisign's Motion for Adverse Inference does not identify any possible information that it could obtain from the metadata that would

contradict the extensive, corroborated evidence on this issue. (*See* Plaintiff's Motion for Adverse Inference (Dkt. 339) ("Motion for Adverse Inference").)

C. **The accountant did not testify that the native form of the general ledger has more information about the Network Solutions transaction, but rather confirmed that Verisign's counsel correctly obtained information manually.**

On September 9, 2015, in response to Verisign's subpoena, the accountant produced a general ledger. (*See* Motion for Adverse Inference ¶ 23.) Verisign then deposed the accountant. But the accountant *did not* testify that the "native form [of the general ledger] contains additional information about the Network Solutions" transaction, as Verisign claims. (*See* Motion for Adverse Inference ¶ 4.) Rather, the accountant testified ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆ (Declaration of Kevin W. Weigand (Dkt. 340) ¶ 11, Ex. J (Dkt. 340-10) ("Lavi Dep.") at 33:13–34:10.)

During the accountant's deposition, Verisign's counsel explained that in his hotel room before the deposition he was able to manually replicate what would be shown by clicking on "split." (*Id.* at 33:13–34:10.) The accountant confirmed that the process Verisign's counsel said he undertook would successfully identify the same information that would be displayed when clicking on "split" in the QuickBooks software. (*Id.*)

### III. Discussion

A. **Sanctions are not authorized under Rule 37(b) because XYZ did not fail to comply with a court order.**

"Rule 37(b) sanctions apply only to violations of a court order to permit or provide discovery, or one in regard to a discovery conference." *Buffington v. Baltimore Cnty., Md.*, 913 F.2d 113, 133 n.15 (4th Cir. 1990).

> In practice, an adverse inference instruction often ends litigation—it is too difficult a hurdle for the spoliator to overcome. The in terrorem effect of an adverse inference charge is obvious. When a jury is instructed that it may "infer that the party who destroyed potentially relevant evidence did so 'out of a realization that the [evidence was] unfavorable,' " the party suffering the instruction will be hard-pressed to prevail on the merits. **Accordingly, the**

4

> **adverse inference instruction is an extreme sanction and should not be given lightly.**

*Nucor Corp. v. Bell*, 251 F.R.D. 191, 202 (D.S.C. 2008) (emphasis added) (quoting *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 219–20 (S.D.N.Y. 2003)).

Verisign never requested a general ledger from XYZ directly. Instead, it chose to subpoena the ledger from a third-party in a different jurisdiction. Neither this Court nor any other court has ever ordered XYZ to produce its general ledger. In fact, when Verisign asked this Court to order XYZ to produce the general ledger, the Court declined to do so. Since the extreme sanction of an adverse inference is only authorized when a party violates a court order, and XYZ did not violate any order, the Court should deny Verisign's Motion for Adverse Inference.

**B.    Verisign cannot meet any of the four factors for an adverse inference.**

If Verisign could show XYZ violated a court order—which it cannot—Verisign would still have to show four factors to warrant evidentiary sanctions. *See Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). The **first** factor is whether XYZ acted in bad faith. *See id.* XYZ did not. Verisign *never* requested a general ledger from XYZ via party discovery. So XYZ had no obligation to produce one in electronic form, or otherwise.

The **second** factor is whether Verisign identified any prejudice as a result of a violation of a discovery order. *See id.* Verisign's motion seeks severe sanctions because of the alleged failure to produce information that Verisign's counsel claimed he could reproduce manually in his hotel room prior to the deposition.

Moreover, Verisign took over a half-dozen depositions about the details of the Network Solutions transaction—which are the items listed on the general ledger. All witnesses testified consistently. Web.com, its independent auditor Ernest & Young, XYZ's accountant, and XYZ party witnesses all testified about the transactions that Verisign questions. Verisign describes the 6 line entries as "suspicious," but does not explain why they are "suspicious." (*See* Motion for

Adverse Inference at 1.) And XYZ produced all the invoices related to these entries. Verisign's Motion for Adverse Inference does not identify anything that might be provided in the general ledger "metadata" that would contradict all of the consistent testimony and evidence it already obtained from XYZ, Web.com, and Ernest & Young.

In short, any prejudice Verisign is suffering is caused by its decision to subpoena the general ledger from a third-party on the other side of the country instead of requesting it directly from XYZ in the course of discovery. Verisign cannot use the drastic relief of an adverse inference instruction to cure Verisign's failure to request the general ledger from XYZ directly, especially where third-party testimony directly contradicts the inference Verisign seeks.

The **third** factor is the need for deterrence. *See Southern States Rack*, 318 F.3d at 597. This factor is most relevant when a party has previously been sanctioned by less drastic sanctions which were ineffective at deterring further abusive conduct. *See Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians*, 155 F.3d 500, 505 (4th Cir. 1998) (citing *Mutual Fed. Sav. And Loan Ass'n v. Richards & Assocs.*, 872 F.2d 88, 94 (4th Cir. 1989).) XYZ timely and completely complied with the Court's orders relating to the only financials that Verisign ever requested from XYZ.

XYZ has never been sanctioned and has never violated a discovery order. For that reason, deterrence is inappropriate. *See Calkins v. Pacel Corp.*, No. 3:07cv00025, 2008 WL 2311565, at *6–7 (W.D. Va. June 4, 2008).

The **fourth** factor is whether a less-drastic sanction is available. *See Southern States Rack*, 318 F.3d at 597. Verisign's argument about whether an adverse inference is the least-severe sanction is a string cite of decisions involving drastically different facts and conduct. None of Verisign's authority indicates that XYZ should be punished with an adverse inference. For example, Verisign relies on *Scott v. GMAC Mortgage, LLC*, without disclosing to the Court that

6

the order it cites was subsequently *vacated and ordered stricken from the docket. See Scott v. GMAC Mortgage, LLC*, No. 3:10-CV-24, 2011 WL 1399781 (W.D. Va. Apr. 13, 2011), *vacated* Apr. 27, 2011.

## IV.  Conclusion

Verisign's Motion for Adverse Inference is misleading. It never requested the general ledger from XYZ. And no court order exists directing XYZ to produce a general ledger. In truth, the Court denied Verisign's request for an order compelling the general ledger because Verisign never requested it from XYZ in discovery. The Court should deny Verisign's Motion.

Dated October 21, 2015

/s/ Timothy J. Battle
Timothy J. Battle
Timothy J. Battle Law Offices
VSB# 18538
524 King Street
Alexandria, VA 22320-4593
(703) 836-1216 Tel
(703) 549-3335 Fax
*tjbattle@verizon.net*

Derek A. Newman, admitted pro hac vice
Derek Linke, admitted pro hac vice
Jason Sykes, admitted pro hac vice
Sophy Tabandeh, admitted pro hac vice

*Counsel for Defendants XYZ.com, LLC and Daniel Negari*

**CERTIFICATE OF SERVICE**

I certify that on October 21, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Nicholas Martin DePalma
Randall Karl Miller
Kevin William Weigand
Taylor Sumner Chapman
Venable LLP (Vienna)
8010 Towers Crescent Drive
Suite 300
Tysons Corner, VA 22182
nicholas.depalma@venable.com
rkmiller@venable.com
kwweigand@venable.com
tschapman@venable.com

/s/ Timothy J. Battle
Timothy J. Battle (VSB No. 18538)
Timothy J. Battle Law Offices
524 King Street
Alexandria, VA 22320-4593
(703) 836-1216 Tel
(703) 549-3335 Fax
tjbattle@verizon.net
*Counsel for XYZ.com and Daniel Negari*