IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| Verisign, Inc., <br><br> Plaintiff, <br><br> v. <br><br> XYZ.com, LLC et al., <br><br> Defendants. | Civil Action No. 1:14-cv-01749 CMH-MSN |

**MOTION IN LIMINE NUMBER 2 AND MEMORANDUM IN SUPPORT TO
EXCLUDE ADDITIONAL STATEMENTS NOT PLED IN COMPLAINT**

Verisign's complaint alleges that specific statements are false advertising. Verisign now seeks to go far beyond the boundaries of the complaint and introduce entirely different statements at trial. These new statements were only disclosed during discovery and the complaint was never amended. They are not admissible and should be excluded.

1. On December 19, 2014, Verisign filed its complaint alleging that XYZ and Negari engaged in deceptive advertising and unfair trade in violation of the Lanham Act. (Dkt. No. 1.) In its complaint, Verisign cited specific alleged false statements that it believed met the prima facie case for Lanham Act false advertising.

2. On April 15, 2015, Verisign served its initial disclosures. (October 23, 2015 Declaration of Jason Sykes at ¶ 2.) On July 30, 2015, Verisign served a document titled "Exhibit A to Verisign's Initial Disclosures: XYZ's False Statements." (Sykes Decl. at Ex. A.) That document provides examples of XYZ's alleged false statements, quoting statements referenced in the original complaint as well as statements not referenced in the original complaint.

3. Verisign must plead the statements at issue in the complaint. The root of every well-pled complaint is fair notice. *McCleary-Evans v. Maryland Dep't of Transp. State Highway. Admin.*, 780 F.3d 582, 588 (4th Cir. 2015). Accordingly, any statement in Verisign's supplemental disclosures that does not afford XYZ fair notice is inadmissible in the present action. *Gillette Co. v. Philips Oral Healthcare, Inc.*, is instructive. No. 99CIV0807LAPDF, 2001 WL 1442637, at *1 (S.D.N.Y. Nov 15, 2001).

4. In *Gillette*, Gillette sued Philips Oral Healthcare for false advertising, specifically listing in its complaint six advertisements that allegedly violated the Lanham Act. *Id.* Later, Gillette submitted a 123-page Appendix identifying 340 additional advertisements it believed violated the Lanham Act. *Id.* at *2. The court held that "the Complaint, as pleaded, does *not* give Philips fair notice that Gillette is challenging at least certain categories of advertisements listed in

Gillette's Appendix." *Id.* at *5 (emphasis in original). Determining the scope of the complaint turns on "whether the remaining advertisements in the Appendix contain[ed] claims . . . similar enough to those identified as false in the Complaint that [Defendant] [was] fairly on notice that those advertising claims were being challenged . . ." *Id.* at *10.

5. This baseline fair notice standard is what governs the admissibility of Verisign's supplemental disclosures. *See Gillette*, 2001 WL 1442637, at *1. Accordingly, those statements unrelated to the alleged false statements mentioned in Verisign's complaint must be excluded. *See, e.g.*, *Monilisa Collection, Inc. v. Clarke Prods., Inc.*, No. 6:11-CV-360-ORL-31, 2011 WL 2893630, at *4 (M.D. Fla. July 20, 2011) (declining to consider in a 12(b)(6) motion three of four alleged false statements under the Lanham Act because they were not specifically mentioned in Plaintiff's First Amended Complaint).

6. Verisign's supplemental disclosures included the following categories of statements that are not referenced in the complaint and must be excluded now:

    a. XYZ represents "that XYZ has received the full wholesale price for every .xyz domain name." Ex. A at 1.

    b. XYZ represents "that XYZ achieved $5–6M in revenue in its first 6 months of its General Availability." Ex. A at 1.

    c. XYZ represents "that XYZ has a multimillion dollar annual advertising spend." Ex. A at 2.

7. Verisign named 23 separate statements in these three new categories that it asserts violate the Lanham Act. Those statements are contained in the following sections of Verisign's supplemental initial disclosures:

    a. All statements in section II.A

    b. Statements in sections I.A.7–I.A.10

      c.   All statements in section V.A.

8. Because Verisign did not mention these three specific allegations in its original complaint, any statements in the supplement that support these contentions must be excluded.

XYZ respectfully requests that the Court grant its Motion in Limine No. 2.

Dated October 23, 2015.              Respectfully Submitted,

/s/ _____
Timothy J. Battle (VSB# 18538)
Timothy J. Battle Law Offices
524 King Street
Alexandria, VA 22320-4593
(703) 836-1216 Tel
(703) 549-3335 Fax
tjbattle@verizon.net
*Counsel for XYZ.com LLC and Daniel Negari*

Derek A. Newman, admitted *pro hac vice*
Jason B. Sykes, admitted *pro hac vice*
Derek Linke, admitted *pro hac vice*
Sophy Tabandeh, admitted *pro hac vice*
Newman Du Wors LLP
100 Wilshire Blvd., Suite 940
Santa Monica, CA 90401
(310) 359-8200 Tel
(310) 359-8190 Fax
dn@nemanlaw.com
*Counsel for XYZ.com LLC and Daniel Negari*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7(E)

Undersigned counsel hereby certifies that they have consulted with opposing counsel by telephone and have made a good faith effort to narrow the area of disagreement. As of the time of filing this Motion, they have been unable to reach agreement. XYZ will notify the Court if the parties reach an agreement to resolve the matters raised in this Motion.

Dated October 23, 2015.

/s/
Timothy J. Battle (VSB# 18538)
Timothy J. Battle Law Offices
524 King Street
Alexandria, VA 22320-4593
(703) 836-1216 Tel
(703) 549-3335 Fax
tjbattle@verizon.net

Derek A. Newman (admitted *pro hac vice*)
Jason B. Sykes (admitted *pro hac vice*)
Derek Linke (admitted *pro hac vice*)
Newman Du Wors LLP
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
(206) 274-2800 Tel
(206) 274-2801 Fax
*Counsel for XYZ.com LLC and Daniel Negari*

**CERTIFICATE OF SERVICE**

I certify that on October 23, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Nicholas Martin DePalma
Randall Karl Miller
Kevin William Weigand
Taylor S. Chapman
VENABLE LLP
8010 Towers Crescent Drive
Suite 300
Tysons Corner, VA 22182

Stephen Keith Marsh
Marsh PLLC
1940 Duke Street
Suite 200
Alexandria, VA 22314

/s/
Timothy J. Battle (VSB# 18538)
524 King Street
Alexandria, VA 22320-4593
(703) 836-1216 Tel
(703) 549-3335 Fax
tjbattle@verizon.net
*Counsel for XYZ.com and Daniel Negari*