IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| Verisign, Inc., | |
| Plaintiff, | Civil Action No. 1:14-cv-01749 CMH-MSN |
| v. | |
| XYZ.com, LLC et al., | |
| Defendants. | |

**MOTION IN LIMINE NUMBER 3 AND MEMORANDUM IN SUPPORT TO EXCLUDE SPECULATION AND OPINION TESTIMONY FROM HOLDEN ANDREWS**

Verisign seeks to introduce speculative testimony from XYZ employee Holden Andrews that XYZ's marketing campaign might have been material to domain name sales. But lay speculation is inadmissible. Further, Andrews is a low-level employee who makes videos and is not authorized to bind the company. His statements are not party-opponent admissions.

1. Holden Andrews is an XYZ employee who does video work and, within the last month before his deposition, began working on some sales accounts. (Andrews Dep. Tr. at 18:3-19, included as Ex. B to the October 23, 2015 Declaration of Jason Sykes (hereafter, "Andrews Dep. Tr.").)

2. XYZ deposed Andrews, and asked repeated questions about the impact of XYZ's statements on customer attitudes, sales results, and other questions. (Andrews Dep. Tr. at 19:18-24:18; 36:16-38:19; 44:12-19; 60:15-69:24; 77:25-81:3; 83:8-84:23; 86:3-89:13.) Andrews responded truthfully that he didn't know the answer to Verisign's questions. *Id.* Verisign then asked Andrews a series of opinion and speculation questions related to each topic. *Id.* XYZ objected to each question, and Andrews provided his opinion or speculation. *Id.*

3. Verisign may seek to introduce Andrews' deposition. The Court should exclude Andrews' opinion and speculation. Verisign may not rely on Andrews as an expert witness because Verisign did not designate him nor is he qualified to offer expert opinion. Fed.R.Civ.P. 26(a)(2)(A).

4. Verisign also may not ask Andrews to provide lay opinion. Lay opinion is not admissible unless it pertains to facts personally observed by the witness and is not based on specialized expertise. Fed. R. Evid. 701. Lay opinion that requires specialized knowledge to understand or is not based on personal observations must be excluded. *United States v. Perkins*, 470 F.3d 150, 155 (4th Cir. 2006). Andrews did not personally observe any relevant facts and testified that his statements were speculative. He has no specialized knowledge. Further, the

impact of XYZ's statements on sales and the other issues are specialized matters requiring expert and not lay opinion.

     5. Verisign may argue that Andrews' statements are admissible as non-hearsay statements of a party opponent. But even non-hearsay speculation is inadmissible. Further, only statements from "a person authorized by the party to make a statement concerning the subject" are non-hearsay and admissible. Fed. R. Evid. 801(d)(2)(C). Andrews is a low-level employee who makes videos and recently began working on sales accounts. He is not authorized to bind XYZ.

     XYZ respectfully requests that the Court grant its Motion in Limine No. 3.

Dated October 23, 2015.         Respectfully Submitted,

/s/ _____
Timothy J. Battle (VSB# 18538)
Timothy J. Battle Law Offices
524 King Street
Alexandria, VA 22320-4593
(703) 836-1216 Tel
(703) 549-3335 Fax
tjbattle@verizon.net
*Counsel for XYZ.com LLC and Daniel Negari*

Derek A. Newman, admitted *pro hac vice*
Jason B. Sykes, admitted *pro hac vice*
Derek Linke, admitted *pro hac vice*
Sophy Tabandeh, admitted *pro hac vice*
Newman Du Wors LLP
100 Wilshire Blvd., Suite 940
Santa Monica, CA 90401
(310) 359-8200 Tel
(310) 359-8190 Fax
dn@nemanlaw.com
*Counsel for XYZ.com LLC and Daniel Negari*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7(E)

Undersigned counsel hereby certifies that they have consulted with opposing counsel by telephone and have made a good faith effort to narrow the area of disagreement. As of the time of filing this Motion, they have been unable to reach agreement. XYZ will notify the Court if the parties reach an agreement to resolve the matters raised in this Motion.

Dated October 23, 2015.

/s/_____
Timothy J. Battle (VSB# 18538)
Timothy J. Battle Law Offices
524 King Street
Alexandria, VA 22320-4593
(703) 836-1216 Tel
(703) 549-3335 Fax
tjbattle@verizon.net
*Counsel for XYZ.com LLC and Daniel Negari*

Derek A. Newman, admitted *pro hac vice*
Jason B. Sykes, admitted *pro hac vice*
Derek Linke, admitted *pro hac vice*
Sophy Tabandeh, admitted *pro hac vice*
Newman Du Wors LLP
100 Wilshire Blvd., Suite 940
Santa Monica, CA 90401
(310) 359-8200 Tel
(310) 359-8190 Fax
dn@nemanlaw.com
*Counsel for XYZ.com LLC and Daniel Negari*

**CERTIFICATE OF SERVICE**

I certify that on October 23, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Nicholas M. DePalma
Randall K. Miller
Kevin W. Weigand
Taylor S. Chapman
Venable LLP (Vienna)
8010 Towers Crescent Drive, Suite 300
Tysons Corner, VA 22182
nicholas.depalma@venable.com
rkmiller@venable.com
kwweigand@venable.com
tschapman@venable.com
larhodes@venable.com

Stephen Keith Marsh
Marsh PLLC
1940 Duke Street, Suite 200
Alexandria, VA 22314
stephen.marsh@marshpllc.com

/s/
Timothy J. Battle (VSB# 18538)
524 King Street
Alexandria, VA 22320-4593
(703) 836-1216 Tel
(703) 549-3335 Fax
tjbattle@verizon.net
*Counsel for XYZ.com LLC and Daniel Negari*