IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| Verisign, Inc., <br><br> Plaintiff, <br><br> v. <br><br> XYZ.com, LLC et al., <br><br> Defendants. | Civil Action No. 1:14-cv-01749 CMH-MSN |

**MOTION IN LIMINE NUMBER 4 AND MEMORANDUM IN SUPPORT TO
EXCLUDE TESTIMONY FROM MICHAEL MAZIS**

Verisign's expert Michael Mazis did consumer testing on a single statement, in a single blog post. But Verisign asks Mazis to opine on areas far beyond the single statement he tested, including unsupported opinion that consumers relied on XYZ's statements and that they were likely to influence consumer behavior. And the question Mazis tested—whether XYZ disclosed if it was paid for registrations announced in the blog post—is not helpful to the jury. XYZ moved to exclude this testimony under *Daubert*. (Dkt. No. 232) The Court ruled that objections related to relevance or admissibility should be raised at trial. (Dkt. No. 312.) XYZ reaffirms and summarizes its objections to Mazis's testimony here: Mazis's testimony should be excluded in its entirety. In the alternative, Mazis's testimony should be limited to the statement he tested.

1. Because expert witnesses have the potential to "be both powerful and quite misleading," the Court must ensure that any and all scientific testimony is both relevant and reliable. *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir.2001). Expert testimony that is not based on relevant expertise must be excluded. *Id.*

2. Michael Mazis is an expert in consumer surveys. He surveyed consumers on one specific question: Whether consumers believed XYZ was paid for domain names XYZ announced in a blog post were registered. (Dkt. No. 240, at Ex. E.)

3. The Mazis Report's key flaw is that it provides no information about whether consumers were misled by the post into purchasing .xyz domain names. The Supplemental Mazis Report admits this flaw. Mazis relies on his personal—not scientific—belief that consumers expect domain names are purchased, not received for free. (Dkt. 240, Ex. 6, ¶¶ 3-5.) But even if this were true—and Mazis failed to conduct any research to verify his belief—Mazis fails to ask consumers if this matters to their decision to purchase a particular domain name.

4. Mazis's conclusions go far beyond the results of his survey. He opines that consumers were influenced by the blog and baldly states that the information was material to

2

purchasing decisions. This is exactly the kind of unsupported expert opinion Rule 702 prohibits, and it should be excluded. In the alternative, Mazis's opinion should be limited to what he actually tested, and his testimony limited to his conclusion that the blog post did not convey the number of sales rather than registrations.

5. Also, Mazis's conclusion—that consumers did not know whether XYZ's registrations were paid or unpaid—is obvious. The blog post talks about registrations, not sales. Expert opinion that merely recites facts the jury could observe is not helpful and therefore not admissible. *Kopf v. Skyrm*, 993 F.2d 374, 377 (4th Cir. 1993). And expert opinion that might supplant a jury's independent exercise of common sense is especially harmful. *Scott v. Sears, Roebuck & Co.*, 789 F.2d 1052, 1055 (4th Cir. 1986)); *Persinger v. Norfolk & Western Railway Co.*, 920 F.2d 1185, 1188 (4th Cir. 1990) (testimony about how difficult it is to lift heavy things, even couched in scientific terms, is not helpful and is thus excludable). For example, in *Scott*, a concrete expert testified that concrete degradation in a curb meant that the plaintiff could not have seen an obstruction. The court held that the expert opinion was not helpful because the facts relayed were obvious to jurors, yet not harmless because concrete degradation could not provide a basis for the plaintiff's tort claim and the jury might have been misled.

6. Here, as in *Scott*, any lay person reading XYZ's blog post would understand that it made no claims about the number of paid registrations. Mazis's report is not helpful to the jury because it merely repeats that common-sense observation and is harmful because it might confuse the jury into believing that XYZ was required to disclose the number of paid registrations.

7. Mazis's survey was limited to a single question—whether consumers could determine if XYZ's registrations were paid or unpaid. Consumers were not surveyed on whether that information influenced their decision to purchase domain names, whether their impression

of XYZ was altered by the blog post, or any other question. Thus, Mazis's opinion is irrelevant.

XYZ respectfully requests that the Court grant its Motion in Limine No. 4.

Dated October 23, 2015.  Respectfully Submitted,

/s/
Timothy J. Battle (VSB# 18538)
Timothy J. Battle Law Offices
524 King Street
Alexandria, VA 22320-4593
(703) 836-1216 Tel
(703) 549-3335 Fax
tjbattle@verizon.net
*Counsel for XYZ.com LLC and Daniel Negari*

Derek A. Newman, admitted *pro hac vice*
Jason B. Sykes, admitted *pro hac vice*
Derek Linke, admitted *pro hac vice*
Sophy Tabandeh, admitted *pro hac vice*
Newman Du Wors LLP
100 Wilshire Blvd., Suite 940
Santa Monica, CA 90401
(310) 359-8200 Tel
(310) 359-8190 Fax
dn@nemanlaw.com
*Counsel for XYZ.com LLC and Daniel Negari*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7(E)

Undersigned counsel hereby certifies that they have consulted with opposing counsel by telephone and have made a good faith effort to narrow the area of disagreement. As of the time of filing this Motion, they have been unable to reach agreement. XYZ will notify the Court if the parties reach an agreement to resolve the matters raised in this Motion.

Dated October 23, 2015.

/s/                                
Timothy J. Battle (VSB# 18538)
Timothy J. Battle Law Offices
524 King Street
Alexandria, VA 22320-4593
(703) 836-1216 Tel
(703) 549-3335 Fax
tjbattle@verizon.net

Derek A. Newman (admitted *pro hac vice*)
Jason B. Sykes (admitted *pro hac vice*)
Derek Linke (admitted *pro hac vice*)
Newman Du Wors LLP
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
(206) 274-2800 Tel
(206) 274-2801 Fax
*Counsel for XYZ.com LLC and Daniel Negari*

**CERTIFICATE OF SERVICE**

I certify that on October 23, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Nicholas Martin DePalma
Randall Karl Miller
Kevin William Weigand
Taylor S. Chapman
VENABLE LLP
8010 Towers Crescent Drive
Suite 300
Tysons Corner, VA 22182

Stephen Keith Marsh
Marsh PLLC
1940 Duke Street
Suite 200
Alexandria, VA 22314

/s/
Timothy J. Battle (VSB# 18538)
524 King Street
Alexandria, VA 22320-4593
(703) 836-1216 Tel
(703) 549-3335 Fax
tjbattle@verizon.net
*Counsel for XYZ.com and Daniel Negari*