IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| Verisign, Inc.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>XYZ.com, LLC et al.,<br><br>　　　　　Defendants. | Civil Action No. 1:14-cv-01749 CMH-MSN |

**MOTION IN LIMINE NUMBER 5 AND MEMORANDUM IN SUPPORT TO EXCLUDE OPINION TESTIMONY FROM LAUREN KINDLER REGARDING CORRECTIVE ADVERTISING**

Lauren Kindler is an expert witness retained by Verisign to present opinion testimony on damages. XYZ moved to exclude her testimony under *Daubert* based on three principal grounds:

- Kindler attributes all of XYZ's revenue to the allegedly false statements, even though XYZ's statements reached very few consumers. The Fourth Circuit Court of Appeals affirmed that assuming every sale was attributable to false advertising is a fatal flaw. *PBM Prods., LLC v. Mead Johnson & Co.*, 639 F.3d 111 (4th Cir. 2011) ("The fatal flaw in Mead Johnson's economic information was that its expert assumed that every sale PBM made was attributable to the 'compare to' statement on the product.").

- Kindler admits that she is not a corrective advertising expert and does nothing more than parrot information from Verisign relating to Verisign's advertising. (Dkt. No. 233.)

- Kindler assigns lost profits based on an alleged decline in Verisign's .net revenue, but XYZ's statements relate to .com. Kindler further fails to consider other possible reasons why .net declined, including the introduction of new competition to the market.

The Court ruled that objections related to relevance and Ms. Kindler's methods should be raised at trial. (Dkt. No. 312.) XYZ reaffirms and summarizes its objections to Ms. Kindler's conclusions here. Ms. Kindler's testimony should be excluded in its entirety because it violates basic reliability principles.

    1. Because expert witnesses have the potential to "be both powerful and quite misleading," the Court must ensure that any and all scientific testimony is both relevant and reliable. Cooper v. Smith & Nephew, Inc., 259 F.3d 194, 199 (4th Cir.2001). Expert testimony that is not based on relevant expertise must be excluded. Id.

2. Verisign retained Lauren Kindler to prepare a damages report and testify to Verisign's damages. In her lost profits analysis, Kindler focuses on <.net> registrations. In the Kindler Report, Verisign abandons any theory that its <.com> business lost sales because it admits that it cannot identify or quantify any such economic harm. (*See* Dkt. No. 240, Att. 1, Kindler Report, ¶ 50.) Instead, Kindler concludes that .net registrations were affected by XYZ's statements. But Kindler is not an expert on the domain-name industry and fails to identify any data supporting her conclusion that XYZ's statements about <.com> would have influenced consumer decisions to purchase <.xyz> rather than <.net>, except to make the unsupported claim that <.net> and <.xyz> are "substitutable". (Dkt. No. 240 at Att. 2, Supplemental Kindler Report ¶ 25.)

3. Kindler's entire analysis is unreliable because she assumed every XYZ sale was as a result of false advertising. That is the flaw the Fourth Circuit called out in *PBM Products. See* 639 F.3d at 122 ("The fatal flaw in Mead Johnson's economic information was that its expert assumed that every sale PBM made was attributable to the 'compare to' statement on the product."). For that reason, the Court should exclude her testimony.

4. Kindler's disgorgement analysis is unreliable. To obtain XYZ's profits, Verisign must prove the amount of XYZ's revenue stemming from the false advertising. 15 U.S.C. § 1117(a); *Nat'l Products, Inc. v. Gamber-Johnson LLC*, 734 F. Supp. 2d 1160, 1166 (W.D. Wash. 2010) aff'd, 449 F. App'x 638 (9th Cir. 2011). The burden then shifts to XYZ to prove costs and expenses related to that revenue. *Id.* Kindler assumes that every .xyz sale must be attributed to the allegedly false advertising. But she identifies no evidence supporting this assumption, and there is none.

5. An expert's lost-profits analysis like Kindler's should be performed according to industry standards. (Dkt. No. 240, Att. 10, Hewitt Report ¶ 54.) Those standards required Kindler to evaluate:

- Verisign's revenue trends;
- Marketplace changes, specifically the addition of new TLDs;
- Changes in Verisign's advertising and promotion;
- The effect of XYZ's advertising that is not allegedly false; and
- Decline in .net registrations due to other competitors.

(Hewitt Report ¶ 54.) Kindler did not address any of these factors. Instead, Kindler relied on the age-old legal fallacy that correlation necessarily means causation. She concludes that Verisign lost 86,770 <.net> registrations due to XYZ's alleged false advertising, but makes no causal connection other than temporal proximity. (Kindler Report ¶ 12.) Expert opinion should be excluded when it is based on assumptions which are speculative and are not supported by the record. *Tyger Constr. Co. v. Pensacola Constr. Co.*, 29 F.3d 137, 142 (4th Cir.1994). For example, in *Tyger*, an expert calculated construction delays based on an assumption that sand was not available. Because there was no evidence this assumption was true, the 4th Circuit excluded the expert's report. Here, Kindler assumes that .net registrations were affected by XYZ's statements about .com without evaluating any alternate cause. This is no different than baldly assuming sand was not available in *Tyger*.

6. Also included in Kindler's analysis is an evaluation of corrective advertising expenses. But Kindler admits that she is not a corrective advertising expert, and this section of her report is entirely based on what Verisign told her. (Dkt. No. 240, Kindler Report, ¶¶ 54-56.) Her report merely parrots expense totals Verisign provided her. She provides no analysis of the

reasonableness of those expenses, whether they are tied to XYZ's statements, or any other factor. *Id.*

7. Verisign's advertising-related expenses are facts that can be presented through any witness. An expert is not needed to present expense totals because a jury can evaluate numbers on its own. *Kopf v. Skyrm*, 993 F.2d 374, 377 (4th Cir.1993). Kindler's testimony on corrective advertising should be excluded because it is not helpful to the jury and prejudices XYZ by applying a patina of expertise to unvarnished expense totals.

XYZ respectfully requests that the Court grant its Motion in Limine No. 5.

Dated October 23, 2015.    Respectfully Submitted,

/s/
Timothy J. Battle (VSB# 18538)
Timothy J. Battle Law Offices
524 King Street
Alexandria, VA 22320-4593
(703) 836-1216 Tel
(703) 549-3335 Fax
tjbattle@verizon.net
*Counsel for XYZ.com LLC and Daniel Negari*

Derek A. Newman, admitted *pro hac vice*
Jason B. Sykes, admitted *pro hac vice*
Derek Linke, admitted *pro hac vice*
Sophy Tabandeh, admitted *pro hac vice*
Newman Du Wors LLP
100 Wilshire Blvd., Suite 940
Santa Monica, CA 90401
(310) 359-8200 Tel
(310) 359-8190 Fax
dn@nemanlaw.com
*Counsel for XYZ.com LLC and Daniel Negari*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7(E)**

Undersigned counsel hereby certifies that they have consulted with opposing counsel by telephone and have made a good faith effort to narrow the area of disagreement. As of the time of filing this Motion, they have been unable to reach agreement. XYZ will notify the Court if the parties reach an agreement to resolve the matters raised in this Motion.

Dated October 23, 2015.

/s/
Timothy J. Battle (VSB# 18538)
Timothy J. Battle Law Offices
524 King Street
Alexandria, VA 22320-4593
(703) 836-1216 Tel
(703) 549-3335 Fax
tjbattle@verizon.net

Derek A. Newman (admitted *pro hac vice*)
Jason B. Sykes (admitted *pro hac vice*)
Derek Linke (admitted *pro hac vice*)
Newman Du Wors LLP
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
(206) 274-2800 Tel
(206) 274-2801 Fax
*Counsel for XYZ.com LLC and Daniel Negari*

## CERTIFICATE OF SERVICE

I certify that on October 23, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Nicholas Martin DePalma
Randall Karl Miller
Kevin William Weigand
Taylor S. Chapman
VENABLE LLP
8010 Towers Crescent Drive
Suite 300
Tysons Corner, VA 22182

Stephen Keith Marsh
Marsh PLLC
1940 Duke Street
Suite 200
Alexandria, VA 22314

/s/
Timothy J. Battle (VSB# 18538)
524 King Street
Alexandria, VA 22320-4593
(703) 836-1216 Tel
(703) 549-3335 Fax
tjbattle@verizon.net
*Counsel for XYZ.com and Daniel Negari*