IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| Verisign, Inc.,<br><br>      Plaintiff,<br><br>  v.<br><br>XYZ.com, LLC et al.,<br><br>      Defendants. | Civil Action No. 1:14-cv-01749 CMH-MSN |

**MOTION IN LIMINE NUMBER 6 AND MEMORANDUM IN SUPPORT TO EXCLUDE OPINION TESTIMONY FROM WITNESS SCOTT SCHNELL**

Verisign seeks to admit opinion testimony from its employee Scott Schnell that Verisign lost customer goodwill. Verisign wants to rely on Schnell's expertise as a marketing manager. But Schnell was not disclosed as an expert and his testimony is inadmissible as lay opinion.

1. Verisign may not rely on Schnell as an expert because he was not disclosed. Rule 26 requires the disclosure of expert testimony. Fed.R.Civ.P. 26(a)(2)(A). All experts must be disclosed, regardless of whether the expert is a primary or rebuttal expert, and regardless of whether the expert is a party employee. *Golden Nugget, Inc. v. Chesapeake Bay Fishing Co., L.C.*, 93 F. App'x 530, 533 (4th Cir. 2004); *In re Air Crash at Charlotte, N.C. on July 2, 1994*, 982 F. Supp. 1086, 1090 (D.S.C. 1997).

2. The deadline to complete expert reports was July 3, 2015 and the deadline to complete expert discovery was August 19, 2015. (Dkt. No. 73.)

3. Although Rule 26 (a)(2)(B) exempts employees who do not regularly provide expert opinions from providing a full report, Verisign was still required to disclose the subject matter and factual basis for Schnell's opinion.

4. Schnell has not provided a report, demonstrated that he is qualified to provide expert testimony on consumer behavior, or identified the information he relied on in forming his opinion.

5. The appropriate remedy for failure to disclose Schnell's expert testimony is exclusion. In evaluating remedies for failure to timely disclose, the court considers (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence. E. W., LLC v. Rahman, No. 1:11CV1380 JCC/TCB, 2012 WL 4105129, at *6 (E.D. Va. Sept. 17, 2012) (excluding supplemental expert report).

6. Each factor weighs in favor of exclusion: XYZ is completely surprised by this late disclosure of an expert opinion and cannot cure because there is inadequate time to note depositions, request data from Verisign, and retain a rebuttal expert. The court's schedule would be disrupted by a late trial continuance. The opinion testimony is not important: if Schnell's testimony is true, Verisign can present the same evidence by presenting the facts that support it. And there is no excuse for Verisign's failure to timely disclose. Schnell is an employee, and has been available to Verisign since the case began.

7. Verisign may not rely on lay opinion to skirt the expert disclosure requirements. Lay opinion is only admissible if it is "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed.R.Evid. 701. Lay opinion that requires specialized knowledge to understand or is not based on personal observations must be excluded. *United States v. Perkins*, 470 F.3d 150, 155 (4th Cir. 2006). Lay opinion is generally limited to practical observations like that a substance appears to be blood or to the estimated speed of a vehicle. *Id.*

8. For example, in *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997) the 9th Circuit prohibited law enforcement agents from testifying that the defendant's conduct was consistent with that of a drug trafficker, because that testimony required specialized expertise.

9. Schnell's opinion testimony is exactly like the testimony excluded in *Figueroa-Lopez* because it relies on Schnell's expertise. Schnell is Verisign's Senior Vice President of Global Marketing and Channel Management. Schnell's conclusion that Verisign lost customer goodwill is an opinion based on specialized knowledge and not based on personal observations. Schnell did not personally observe customers losing goodwill. Instead, he formed an opinion

based on his expertise in marketing.

XYZ respectfully requests that the Court grant its Motion in Limine No. 6.

Dated October 23, 2015.                    Respectfully Submitted,

/s/
Timothy J. Battle (VSB# 18538)
Timothy J. Battle Law Offices
524 King Street
Alexandria, VA 22320-4593
(703) 836-1216 Tel
(703) 549-3335 Fax
tjbattle@verizon.net
*Counsel for XYZ.com LLC and Daniel Negari*

Derek A. Newman, admitted *pro hac vice*
Jason B. Sykes, admitted *pro hac vice*
Derek Linke, admitted *pro hac vice*
Sophy Tabandeh, admitted *pro hac vice*
Newman Du Wors LLP
100 Wilshire Blvd., Suite 940
Santa Monica, CA 90401
(310) 359-8200 Tel
(310) 359-8190 Fax
dn@nemanlaw.com
*Counsel for XYZ.com LLC and Daniel Negari*

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7(E)

Undersigned counsel hereby certifies that they have consulted with opposing counsel by telephone and have made a good faith effort to narrow the area of disagreement. As of the time of filing this Motion, they have been unable to reach agreement. XYZ will notify the Court if the parties reach an agreement to resolve the matters raised in this Motion.

Dated October 23, 2015.

/s/
Timothy J. Battle (VSB# 18538)
Timothy J. Battle Law Offices
524 King Street
Alexandria, VA 22320-4593
(703) 836-1216 Tel
(703) 549-3335 Fax
tjbattle@verizon.net

Derek A. Newman (admitted *pro hac vice*)
Jason B. Sykes (admitted *pro hac vice*)
Derek Linke (admitted *pro hac vice*)
Newman Du Wors LLP
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
(206) 274-2800 Tel
(206) 274-2801 Fax
*Counsel for XYZ.com LLC and Daniel Negari*

## CERTIFICATE OF SERVICE

I certify that on October 23, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Nicholas Martin DePalma
Randall Karl Miller
Kevin William Weigand
Taylor S. Chapman
VENABLE LLP
8010 Towers Crescent Drive
Suite 300
Tysons Corner, VA 22182

Stephen Keith Marsh
Marsh PLLC
1940 Duke Street
Suite 200
Alexandria, VA 22314

/s/
Timothy J. Battle
VSB# 18538
524 King Street
Alexandria, VA 22320-4593
(703) 836-1216 Tel
(703) 549-3335 Fax
tjbattle@verizon.net
*Counsel for XYZ.com and Daniel Negari*