IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| Verisign, Inc.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>XYZ.com, LLC et al.,<br><br>　　　　Defendants. | Civil Action No. 1:14-cv-01749 CMH-MSN |

**MOTION IN LIMINE NUMBER 7 AND MEMORANDUM IN SUPPORT TO EXCLUDE EVIDENCE RELATED TO WHETHER XYZ COMPLIED WITH GENERALLY-ACCEPTED ACCOUNTING PRINCIPLES**

Verisign seeks to introduce evidence that XYZ failed to comply with Generally Accepted Accounting Principles (GAAP). But this is a false-advertising case, and none of the advertising and other statements at issue mentions or even relates to GAAP.

XYZ moved to exclude this testimony under *Daubert*. (Dkt. No. 235.) The Court ruled that objections related to relevance or admissibility should be raised at trial. (Dkt. No. 312.) The GAAP evidence and opinion should be excluded because it is irrelevant.

1. Verisign alleges that a series of statements made by XYZ and Daniel Negari are false. None of those of those statements mentions GAAP or claims that XYZ is GAAP-compliant.

2. Verisign seeks to introduce evidence through expert witness Mark Berenblut and others that a transaction between XYZ and registrar Network Solutions involving a bartered exchange of domain names for advertising was not reported according to GAAP. Berenblut claims that a GAAP rule that expressly states that it applies only to advertising-for-advertising swaps means that XYZ should have reported the transaction as worth $0, instead of the $3 million in advertising XYZ received. (Dkt. No. 235 at 4.)

3. XYZ moved to exclude Berenblut's testimony, and the Court ruled that XYZ should present its objections at trial. (Dkt. Nos. 235, 312.)

4. As a private company, XYZ is not required to report anything according to GAAP. (Dkt. No. 235.)

5. Further, Berenblut relies on the wrong GAAP rule. The GAAP rule Berenblut cites is limited *only* to advertising-for-advertising swaps. (Dkt. No. 235.) The Network Solutions transaction was a barter transaction, but not an advertising-for-advertising swap. *Id.* Barter transactions are reported at either the fair value of the item received or the item provided. *Id.*

6. XYZ has retained an expert, Samuel Hewitt, to opine on Verisign's errors relating

2

to GAAP reporting requirements. *Id.* Sorting out which party is correct will require hours of testimony and confuse and mislead the jury.

      7. Even if Verisign could prove that XYZ violated GAAP, that fact is irrelevant to whether XYZ's statements are violations of the Lanham Act's false-advertising prohibitions.

      8. The Court should exclude this confusing and irrelevant testimony.

XYZ respectfully requests that the Court grant its Motion in Limine No. 7.


Dated October 23, 2015.               Respectfully Submitted,


/s/ _____
Timothy J. Battle (VSB# 18538)
Timothy J. Battle Law Offices
524 King Street
Alexandria, VA 22320-4593
(703) 836-1216 Tel
(703) 549-3335 Fax
tjbattle@verizon.net
*Counsel for XYZ.com LLC and Daniel Negari*

Derek A. Newman, admitted *pro hac vice*
Jason B. Sykes, admitted *pro hac vice*
Derek Linke, admitted *pro hac vice*
Sophy Tabandeh, admitted *pro hac vice*
Newman Du Wors LLP
100 Wilshire Blvd., Suite 940
Santa Monica, CA 90401
(310) 359-8200 Tel
(310) 359-8190 Fax
dn@nemanlaw.com
*Counsel for XYZ.com LLC and Daniel Negari*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7(E)**

Undersigned counsel hereby certifies that they have consulted with opposing counsel by telephone and have made a good faith effort to narrow the area of disagreement. As of the time of filing this Motion, they have been unable to reach agreement. XYZ will notify the Court if the parties reach an agreement to resolve the matters raised in this Motion.

Dated October 23, 2015.

/s/
Timothy J. Battle (VSB# 18538)
Timothy J. Battle Law Offices
524 King Street
Alexandria, VA 22320-4593
(703) 836-1216 Tel
(703) 549-3335 Fax
tjbattle@verizon.net

Derek A. Newman (admitted *pro hac vice*)
Jason B. Sykes (admitted *pro hac vice*)
Derek Linke (admitted *pro hac vice*)
Newman Du Wors LLP
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
(206) 274-2800 Tel
(206) 274-2801 Fax
*Counsel for XYZ.com LLC and Daniel Negari*

## CERTIFICATE OF SERVICE

I certify that on October 23, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Nicholas Martin DePalma
Randall Karl Miller
Kevin William Weigand
Taylor S. Chapman
VENABLE LLP
8010 Towers Crescent Drive
Suite 300
Tysons Corner, VA 22182

Stephen Keith Marsh
Marsh PLLC
1940 Duke Street
Suite 200
Alexandria, VA 22314

/s/
Timothy J. Battle (VSB# 18538)
524 King Street
Alexandria, VA 22320-4593
(703) 836-1216 Tel
(703) 549-3335 Fax
tjbattle@verizon.net
*Counsel for XYZ.com and Daniel Negari*