# Exhibit A

USPS
4/20

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| VERISIGN, INC.,<br><br>          **Plaintiff,**<br><br>v.<br><br>XYZ.COM, LLC, et al.<br><br>          **Defendants.** | Case No. 1:14-cv-01749-CMH-MSN |

## PLAINTIFF'S INITIAL DISCLOSURES

Plaintiff Verisign, Inc. ("Verisign"), by and through undersigned counsel, and under Federal Rule of Civil Procedure 26(a)(1), hereby makes the following disclosures, based on information reasonably available to Verisign as of the date of these disclosures, and without waiver of, or prejudice to, any objections that Verisign may have regarding the subject matter of these disclosures or any documents or individuals identified herein:

### Rule 26(a)(1)(A)(i)

[T]he name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

| Name, Address, and Phone Number | Subject of Knowledge |
|---|---|
| Daniel Negari<br>205 South Camden Drive<br>Beverly Hills, California 90212 | Mr. Negari has knowledge regarding: (1) claims made by XYZ.COM and its agents relating to the unavailability of .COM domain names; (2) claims made by XYZ.COM regarding XYZ's superiority over the .COM gTLD; (3) claims by XYZ regarding statements allegedly made by third parties regarding XYZ's comparative equivalence or superiority; (4) XYZ's efforts to automatically register (or |

| Name, Address, and Phone Number | Subject of Knowledge |
|---|---|
| | collaborate with third parties) to engage in the opt-out scheme and then trade on that scheme to deceptively inflate XYZ's growth, success, and desirability; (5) benefits obtained by Defendants as a result of their false advertising; and (6) harms suffered by Verisign as a result of Defendants' false advertising. |
| XYZ.COM<br>Corporate Representative | Verisign intends to call a Corporate Representative (or Representatives) of XYZ.COM who can testify regarding: (1) XYZ's substantiation for its claims; (2) XYZ's marketing efforts for its claims; (3) XYZ and its agents' efforts to automatically register third parties for XYZ domain names; (4) revenues and profits earned by Defendants from increased sales due to their false claims and efforts to automatically register third parties for XYZ domain names; and (5) the messages conveyed by Defendants' claims. |
| Andy Simpson<br>Verisign, Inc.<br>12061 Bluemont Way<br>Reston, Virginia 20190<br>(703) 948-3200<br>**[Mr. Simpson may only be contacted through Plaintiff's counsel]** | Mr. Simpson has knowledge regarding: (1) advertising statements made by Defendants that are false; (2) the current availability of .COM names; (3) the falsity of Defendants' statements about .XYZ being the next .COM; (4) the falsity of Defendants' statements about the success and desirability of .XYZ as a .COM competitor; and (5) the XYZ Promotion/opt-out registration scheme. |
| Scott Schnell<br>Senior Vice President of Marketing<br>Verisign, Inc.<br>12061 Bluemont Way<br>Reston, Virginia 20190<br>(703) 948-3200<br>**[Mr. Schnell may only be contacted through Plaintiff's counsel]** | Mr. Schnell has knowledge regarding: (1) advertising statements made by Defendants that are false; (2) the current availability of .COM names; (3) the falsity of Defendants' statements about .XYZ being the next .COM; (4) the falsity of Defendants' statements about the success and desirability of .XYZ as a .COM competitor; and (5) the harm caused by Defendants' statements. |
| Third Parties | Verisign intends to call third parties who have: (1) been automatically registered with an XYZ domain name; (2) assisted with Defendants' efforts to automatically register third parties with XYZ domain names; and (3) received communications directly from Defendants relating to the unavailability of .COM gTLDs. In addition, |

| Name, Address, and Phone Number | Subject of Knowledge |
|---|---|
| | Verisign anticipates that, at minimum, representatives from the following third parties are likely to have discoverable information:<br>(1) Network Solutions: (information relating to the XYZ Promotion;<br>(2) Web.com: (information relating to the XYZ Promotion);<br>(3) Internet Corporation for Assigned Names and Numbers ("ICANN"): (information relating to the XYZ registry agreement with ICANN);<br>(4) Donuts Inc.: (statements relating to .COM availability and potentially communications with Defendants);<br>(5) Facebook/Goodwill: (information relating to Negari's past improper conduct concerning domain names that demonstrates intentional wrongdoing and makes this an "exceptional case" permitting Verisign to recover its attorneys' fees); and<br>(6) CentralNic: (information relating to the XYZ Promotion and XYZ registration metrics). |

### Rule 26(a)(1)(A)(ii)

[A] copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

- Advertising statements attached to the Complaint.

- Statements made by Defendants XYZ.COM and Daniel Negari in interviews, on their website, and on Negari's blog disparaging .COM, the availability of Verisign TLDs, and otherwise falsely trumpeting the success and desirability of .XYZ based on the XYZ Promotion/opt-out registration scheme.

- Communications with Defendants regarding Verisign's requests to Defendants to remove their false advertising and issue a retraction of their false statements.

- All documents reflecting the messages conveyed in XYZ's false advertising.

- Documents reflecting the falsity of XYZ's claims.

- Documents reflecting XYZ's promotion to automatically register third parties with XYZ domain names.

- Documents reflecting the location, prevalence, and duration of XYZ's false advertising.

- Documents reflecting the availability and desirability of .COM and Verisign TLDs.

- Documents reflecting the revenues and profits of Defendants during the period in which Defendants ran the challenged advertising.

- Documents reflecting previous instances in which Negari engaged in unlawful conduct that render this case an "exceptional" case within the meaning of the Lanham Act.

- Documents reflecting harm suffered by Verisign.

These documents are either in the custody of Verisign or will be located at Venable LLP, 8010 Towers Crescent Drive, Suite 300, Tysons Corner, Virginia 22182.

### Rule 26(a)(1)(A)(iii)

**[A] computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and**

At this time Verisign's damages are not quantifiable for at least three reasons. First, Verisign is entitled to disgorgement of profits. Information relating to Defendants' profits are in the possession, custody, and control of Defendants. Verisign will supplement this disclosure once it obtains the information in Defendants' possession. Second, Verisign anticipates requiring additional discovery from Defendants to compute its damages (including discovery pertaining to the volume of false statements made and the benefits Defendants have derived therefrom). Third, Verisign anticipates that its damages will be the subject of expert testimony, and the time for disclosure of expert reports has not yet come. Nonetheless, at this time and without waiver of its rights to seasonably supplement this disclosure after discovery and expert reports, Verisign anticipates claiming damages based on the following categories:

- Disgorgement of Defendants' profits;

- Harm caused by Defendants' false advertising, including but not limited to:

    o Lost profits;

- 
    - Harm to Verisign's goodwill and brand;
    - Lost market-share;
    - Costs of this action; and
    - Attorneys' fees incurred by Verisign in prosecuting this action; and
- Injunctive relief to stop Defendants' false advertising.

### Rule 26(a)(1)(A)(iv)

[F]or inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Not applicable.

Dated: April 15, 2015						VENABLE LLP

						By:	/s/
							Randall K. Miller (VSB No. 70672)
							Nicholas M. DePalma (VSB No. 72886)
							Kevin W. Weigand (VSB No. 81073)
							8010 Towers Crescent Drive, Suite 300
							Tysons Corner, VA 22182
							(703) 905-1449 (Telephone)
							(703) 821-8949 (Facsimile)
							rkmiller@venable.com
							nmdepalma@venable.com
							kwweigand@venable.com

							*Counsel to Plaintiff Verisign, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of April, 2015, I sent a copy of *Plaintiff's Initial Disclosures* to the following via first-class mail and electronic mail:

>Timothy J. Battle
>524 King Street
>Alexandria, VA 22320-4593
>(703) 836-1216 Tel
>(703) 549-3335 Fax
>Email: tjbattle@verizon.net
>
>Derek A. Newman
>Newman Du Wors, LLP
>100 Wilshire Boulevard
>Suite 940
>Santa Monica, CA 90401
>310.359.8188 Tel
>310.359.8190 Fax
>Email: dn@newmanlaw.com
>
>*Counsel to Defendants XYZ.COM, LLC and Daniel Negari*

/s/
Randall K. Miller (VSB No. 70672)
Nicholas M. DePalma (VSB No. 72886)
Kevin W. Weigand (VSB No. 81073)
8010 Towers Crescent Drive, Suite 300
Tysons Corner, VA 22182
(703) 905-1449 (Telephone)
(703) 821-8949 (Facsimile)
rkmiller@venable.com
nmdepalma@venable.com
kwweigand@venable.com

*Counsel to Plaintiff Verisign, Inc.*