IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

VERISIGN, INC.,

    Plaintiff,

v.

XYZ.COM, LLC and
DANIEL NEGARI,

    Defendants.

Civil Action No. 1:14-cv-01749

### Order

THIS MATTER comes before the Court on Defendants' Motion for Attorney Fees, Defendants' Motion for an Extension of Time to File Bill of Costs, and Plaintiff's Motion to Strike Defendants' Bill of Costs as Untimely.

Verisign, Inc. ("Plaintiff") is a global business that provides internet domain names and internet security. XYZ.com, LLC and CEO Daniel Negari ("Defendants") are relative newcomers to the domain name industry. In December 2014, Plaintiff filed a federal lawsuit against Defendants, alleging a violation of the Lanham Act for false advertising. On November 20, 2015, this Court granted summary judgment to Defendants. The deadline for filing the bill of costs was December 1, 2015. Defendants, who expected a Rule 58(b) judgment to be entered by the clerk along

with this Court's order and opinion, filed a bill of costs on December 2, 2015, which was one day late.

Plaintiff responded with a motion to strike Defendants' bill of costs as untimely. Defendants moved for a retroactive one-day extension for filing the bill of costs because their mistake was not prejudicial to Plaintiff and was made in good faith. Meanwhile, Defendants also filed a motion for attorney fees, and Plaintiff appealed this Court's decision on summary judgment. This Court stayed these motions while the appeal was pending at the U.S. Court of Appeals for the Fourth Circuit. The Fourth Circuit affirmed the decision granting summary judgment to Defendants, and the motions related to the bill of costs and attorney fees are now ripe for resolution.

The Court turns first to the motion for attorney fees. Under the Lanham Act, a court may award reasonable attorney fees to the prevailing party only in "exceptional cases." 15 U.S.C. § 1117(a). A case is exceptional if the non-prevailing party's conduct was malicious, fraudulent, willful, or deliberate. Retail Servs., Inc. v. Freebies Publ'g, 364 F.3d 535, 550 (4th Cir. 2004). The prevailing part has the burden to prove with clear and convincing evidence that: (1) there is an unusual discrepancy in the merits of the positions taken by the parties because the non-prevailing party's position is frivolous or objectively unreasonable; (2) the non-prevailing party litigated

the case in an unreasonable manner; or (3) there is a need to advance considerations of compensation and deterrence. Georgia-Pac. Consumer Prod. LP v. von Drehle Corp., 781 F.3d 710, 721 (4th Cir. 2015). In this case, Defendant did not prove with clear and convincing evidence that this is an exceptional case.

First, Plaintiff's case was not objectively unreasonable or frivolous. In deciding the first Georgia-Pacific factor, courts should make an objective assessment of the merits of the claims and defenses. Unless a claim or defense is so unreasonable that no reasonable litigant would make it, an award of attorney fees is not warranted under the first factor. A good faith claim that proves unsuccessful is not a basis for awarding attorney fees. Here, while Defendants have speculated that Plaintiff filed this suit to harass and deter competition, Defendants must prove its claims with clear and convincing evidence. Defendants failed to meet that standard of proof on this factor.

Second, Plaintiff did not litigate this case as a whole in an unreasonable manner. On this factor, the prevailing part must show egregious conduct such as a false declaration. Questionable discovery tactics are not enough. Here, Plaintiff attempted to resolve the dispute with a demand letter before filing the case, but Defendants never responded. That was reasonable conduct on Plaintiff's part. Next, Defendants argue that Plaintiff abused discovery, but the evidence does not overwhelmingly support this

3

claim. For example, when Plaintiff filed its exhibit list with content that Defendants considered confidential, Plaintiff moved to seal the list that same day. That was reasonable conduct. As for third-party discovery, Defendants have not shown that it was egregious, especially given that most of Plaintiff's third-party discovery motions were granted.

Third, the Court does not find that an award of attorney fees is appropriate in this case for the purposes of deterrence or compensation. Again, Defendants have not met their burden to prove with clear and convincing evidence that Plaintiff's case was exceptional. Defendants offer speculation as to Plaintiff's motive in filing this case, but that is not sufficient proof to obtain an award of attorney fees. Thus, for the reasons given above, this case is not exceptional and an award of attorney fees is not warranted.

Next, the Court turns to Defendants' motion for a one-day extension of the deadline for filing its Bills of Costs. Federal Rule of Civil Procedure 6(b)(1)(B) permits the court to extend a deadline if the moving party failed to act because of excusable neglect. There are four factors that courts analyze to determine excusable neglect: (1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on court proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. <u>Pioneer Inv. Servs. Co. v. Brunswick</u>

Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). The decision to grant or deny a Rule 6(b)(1) motion is subject to an abuse of discretion standard. <u>Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.</u>, 334 F.3d 390, 396 (4th Cir. 2003).

Here, the Court finds that Defendants filed late because of excusable neglect. None of the factors cut against Defendants' motion for a one-day extension. Plaintiff was not prejudiced by the one-day extension; the judicial process was not impacted by the delay; the delay was a result of a mistaken belief about the Court's process for entering judgment; and Defendants' mistake was made in good faith. Thus, the Court finds that Defendants' late filing was a result of excusable neglect and will allow a one-day extension for Defendants' Bill of Costs.

Finally, the Court turns to Defendants' Bill of Costs. The Court finds that Defendants' costs are reasonable with several exceptions: videographer services in depositions ($19,128.85); rough drafts of deposition transcripts ($8,230.20); pre-trial motion transcripts ($992.15), and courier services ($154.40). The total costs claimed by Defendants were 86,257.51. The total excluded costs equal $28,505.60. Thus, Defendants are entitled to $57,751.91 in costs. Accordingly, it is hereby

ORDERED that Defendants' Motion for Attorney Fees is DENIED; Defendants' Motion for a One-Day Extension to File a Bill of Costs is GRANTED; Plaintiff's Motion to Strike the Bill

of Costs is DENIED; and Defendants' are AWARDED $57,751.91 in costs.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
~~April~~ May 3, 2017