IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

VERISIGN, INC.,

    Plaintiff,

v.                               Civil Action No. 1:14-cv-01749

XYZ.COM, LLC and
DANIEL NEGARI,

    Defendants.

## Memorandum Opinion

THIS MATTER comes before the Court on Defendants' Motion for Attorney Fees.

Verisign, Inc. ("Plaintiff") is a global business that provides internet domain names and internet security. XYZ.com, LLC and CEO Daniel Negari ("Defendants") also operate in the domain name industry. In December 2014, Plaintiff filed a federal lawsuit against Defendants, alleging a violation of the Lanham Act for false advertising. On November 20, 2015, this Court granted summary judgment to Defendants. Defendants then filed a motion for attorney fees, and Plaintiff appealed this Court's decision on summary judgment. This Court stayed these motions while the appeal was pending at the U.S. Court of Appeals for the Fourth Circuit. The Fourth Circuit affirmed the decision granting summary judgment to Defendants.

This Court then took up the Defendants' motion for attorney fees and bill of costs, denying an award of fees but granting costs. The Defendants appealed the denial of attorney fees to the Fourth Circuit. The Fourth Circuit remanded the decision in order to allow this Court to apply the appropriate burden of proof.

The Court now returns to the motion for attorney fees. Under the Lanham Act, an award of reasonable attorney fees is available to the prevailing party only in "exceptional cases." 15 U.S.C. § 1117(a). A case is "exceptional" if it simply "stands out from the others." Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 554 (2014). Cases determined to be "exceptional" are "uncommon, rare, or not ordinary." Id. at 553 (internal quotations omitted). The prevailing party has the burden to prove by a preponderance of the evidence that: (1) there is an unusual discrepancy in the merits of the positions taken by the parties because the non-prevailing party's position is frivolous or objectively unreasonable; (2) the non-prevailing party litigated the case in an unreasonable manner; or (3) there is a need to advance considerations of compensation and deterrence. Verisign, Inc. v. XYZ.COM LLC, 891 F.3d 481, 485-86 (4th Cir. 2018); Georgia-Pacific Consumer Prods. LP v. von Drehle Corp., 781 F.3d 710, 721 (4th Cir. 2015). The movant will be successful if it can

demonstrate one of the three exceptionalities in the totality of the circumstances. Georgia-Pacific, 781 F.3d at 721. There is no need to show the non-prevailing party acted in bad faith, only the unreasonableness of the non-prevailing party's conduct. Verisign, Inc., 891 F.3d at 487-88. In this case, Defendants did not bear their burden in showing this case to be exceptional.

First, Plaintiff's case was not objectively unreasonable or frivolous. In deciding the first Georgia-Pacific factor, courts should make an objective assessment of the merits of the claims and defenses. 781 F.3d at 721. Unless a claim or defense is so unreasonable that no reasonable litigant would make it, an award of attorney fees is not warranted under the first factor. Verisign, 891 F.3d at 488 n. 4. However, the movant need not show the claims were entirely baseless in order to prevail. Id. at 487. A claim that merely proves unsuccessful is not a basis for awarding attorney fees. See, e.g., Farberware Licensing Co., LLC v. Meyer Mktg. Co., Ltd., 428 F. App'x 97, 99 (2d Cir. 2011). Here, Defendants contend that Plaintiff's claims were unreasonable from the outset. However, this ignores the fact that Plaintiff was successful in preventing a judgment on the pleadings, thus demonstrating at least a modicum of reasonableness at the beginning of the case. Defendant also ignores that Plaintiff was able to bring forth some evidence at the summary judgment stage to support its claims. The fact that

3

the evidence was not enough to carry the day is not evidence that Plaintiff's claims became unreasonable, only that they were not successful.

Further, the cases cited by Defendants are not binding and inapposite to the case at bar. The claims in those cases were supported by manufactured evidence or entirely unsupported. See, e.g., Sazerac Company, Inc. v. Fetzer Vineyards, Inc., 3:15-cv-4618, 2017 WL 6059271, at *6 (N.D. Cal. Dec. 7, 2017) (stating that the non-prevailing party provided "zero" evidence for one of the elements at trial); Valador, Inc. v. HTC Corp., 1:16-cv-1162, Proposed Findings of Fact and Recommendations 7-9, ECF No. 319, (E.D. Va. May 30, 2018) (finding that the non-prevailing party attempted to create new infringing acts by the defendant when it realized it could not win with the available evidence). That was simply not what occurred in this case. As noted above, Plaintiff had some evidence to support its claims, even though it ultimately failed to prove its claims. Defendants failed to show that it is more likely than not that the Plaintiff's case was objectively unreasonable or frivolous.

Second, Plaintiff's conduct during litigation was not unreasonable under the totality of the circumstances. On this factor, the prevailing party must show egregious conduct. Georgia-Pacific, 781 F.3d at 721. Questionable discovery tactics

are not enough. Even still, Defendants attempt to hang their hat for this issue on discovery disputes.

There were numerous actions by Plaintiff that showed its litigation conduct was not unreasonable. First, Plaintiff attempted to resolve the dispute with a demand letter before filing the case; Defendants never responded. Next, when Plaintiff filed its trial exhibit list with content that Defendants considered confidential, Plaintiff agreed that same day to redactions to be provided by Defendants. Defendants then took five days to provide Plaintiff with the redactions it sought, choosing at that point to demand the list be fully sealed. Defendants make the contention that their conduct should not be considered because the issue is whether "the non-prevailing party litigated the case in an unreasonable manner." Georgia-Pacific, 781 F.3d at 721. However, Defendants ignore that these considerations must be made under the totality of the circumstances. Octane Fitness, 572 U.S. at 554; Georgia-Pacific, 781 F.3d at 721. Thus, if Plaintiff's actions were responsive to the Defendants, then the Defendants' actions must be considered for purposes of determining Plaintiff's reasonableness. Here, any delay in sealing the exhibit list was due to Defendants' sluggishness in providing the redactions sought and cannot be said to be unreasonable action by Plaintiff. Finally, the majority of Plaintiff's discovery motions, including those for

5

third-party discovery, were granted either in whole or in part, again showing some degree of reasonableness. Ultimately, Defendants have not shown by a preponderance of the evidence that Plaintiff litigated this case in an unreasonable manner.

Third, the Court does not find deterrence or compensation to be necessary in this case. Defendants offer speculation as to Plaintiff's motive in filing this case and urge the Court to find that Plaintiff merely brought this suit in order to bury a competitor in legal fees. Defendants base this speculation on the facts that Plaintiff is a larger and more established company than Defendants and Plaintiff expressed concern about new competition in the domain name industry. Plaintiff has responded offering other evidence and alternative interpretations. Primarily, Plaintiff notes that it has not sued any of the other newly formed competitors, only Defendants. Plaintiff states that it was concerned with new competitors as a threat to its business, but ultimately its decision to proceed against Defendants was due to its belief that Defendants had engaged in false advertising. While Plaintiff may not have been successful in this case, that lack of success should not be used to infer that it acted wrongfully. Because there is countervailing evidence and sensible alternative interpretations for Plaintiff's decision to bring this suit, Defendants have not carried their burden of demonstrating by a preponderance of the

evidence that Plaintiff must be deterred from this sort of action in the future.

For the reasons stated, the Court concludes that this is not an "exceptional case" under 15 U.S.C. § 1117(a) and an award of attorney fees is unavailable. Accordingly, Defendants' Motion for Attorney Fees shall be denied. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
November 28, 2018